IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                           Criminal No. 23-cr-00123-SAG

**CHARLES AUSTIN JENKINS**

Defendants

## DEFENDANT CHARLES JENKINS' MOTION TO SEVER

The Defendant, Charles Austin Jenkins, by and through undersigned counsel, hereby moves that this Court sever the trials of Defendant Jenkins and Defendant Robert Krop, pursuant to Fed. R. Crim. P. 8 and 14. This Motion is intended as a "bare-bones" pleading and will be supplemented once all Rule 16 discovery is completed.

Defendant Charles Jenkins is charged in five Counts of a six-Count Indictment, with Conspiracy to Commit Fraud, Conspiracy to Interfere with Government Functions, in violation of 18 U.S.C. §371, False Statements During Purchase of Firearms in violation of 18 U.S.C. §922(a)(6), and False Statements in Records Maintained by Federal Firearms Licensee in violation of 18 U.S.C. §924(a)(1)(a). Mr. Krop is charged in the same five counts, plus count six charging him with the unlawful possession of seven machine guns in violation of 18 U.S.C. §921 *et seq.*, and 18 U.S.C. §922(o).

As set forth herein and as will be supplemented following the government's complete production of Rule 16 discovery, Defendant Jenkins respectfully requests that his trial be severed from that of Defendant Robert Krop's, pursuant to Rule 14, which permits severance of defendants' trials if the joinder of defendants in an indictment "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). There is the serious risk that a joint trial would compromise specific trial rights of Defendant Jenkins. *See Zafiro v. U.S.*, 506 U.S. 534, 539 (1993).

1

I.

As an initial matter, Defendant Krop is insisting on the trial being conducted before the completion of Rule 16 discovery (seeking a trial date before the end of summer), prejudicing Defendant Jenkins if he is forced to prepare for trial prior to review of the voluminous discovery to come, including *Brady* and *Jenks* materials. Counsel for Jenkins cannot be prepared to defend this case within that timeframe.

II.

The indictment alleges that Krop, a Federal Firearms Licensee (FFL), and the owner of The Machine Gun Nest (TMGN) obtained specific machine guns, by obtaining letters signed by Sheriff Jenkins stating that the Sheriff's Office wanted a demonstration of these firearms with an eye towards future purchases. These letters from law enforcement to FFLs are known as "law letters," "demo letters," or "sales sample letters." Count one contains the heart of the government's allegations: namely that the co-conspirators acted with the purpose of obtaining money or property (*See* Paragraph 13 of Indictment). Allegedly, the Sheriff corruptly provided these letters to Krop so that Krop could obtain specific machine guns.

Discovery reviewed thus far reflects that Krop obtained automatic weapons for the purpose of renting them to the general public and profited thereby in amounts of hundreds of thousands of dollars. In contrast, discovery reviewed thus far has shown that Defendant Jenkins *never* received anything of value for his supposed role in this conspiracy - not money, rentals, use of the gun range, political contributions, or anything else of value. This discrepancy creates inconsistent and conflicting defenses.

Reinforcing the discrepancy, the discovery further reveals Sheriff Jenkins was never notified when or if any of the machine guns were ever obtained by Krop or TMGN. Many of these

2

law letters request a specific firearm on more than one occasion, because an earlier request was not successful. In contrast, Sheriff Jenkins reasonably assumed that ATF would analyze these applications and letters from an FFL at the very least for sufficiency, and would conduct an investigation of Krop and TMGN at any time if warranted.

None of the discovery provided by the government indicates that Krop ever met with Sheriff Jenkins in the process of obtaining these letters. In fact, Krop emailed draft letters to Jenkins' secretary to put on the Sheriff's letterhead. Krop also sent amendments to his requested "demo letters," including an occasion when ATF requested a specific correction. The secretary complied with these requests from Krop. Sheriff Jenkins' entire role in this alleged conspiracy, was to sign the letters put before him. According to the discovery thus far received, Jenkins provided other demonstration letters for other Frederick County FFLs. Nothing of value was ever transmitted or received by Sheriff Jenkins from any of these FFLs.

Importantly, at the time of the events in the Indictment, ATF imposed no deadline of the effective date of any requests for demonstration of the named firearms, and no such deadline exists in the Federal Code or CFR. In sum, as discerned from the exhaustive investigation of Sheriff Jenkins' personal and campaign accounts by the government, there is no evidence of fraud of any sort, as that is defined in the very recent case of *United States v. Ciminelli*, 598 U.S. ___ (2023) requiring a transfer of money or something of value as a *quid pro quo* for any act of fraud. (The "right-to-control" theory can no longer form the basis for a conviction under federal fraud statutes, as property or money must be obtained to support a conviction.). To the contrary, the government's investigation shows conclusively that no such consideration was ever contemplated, discussed, transmitted, or received by Krop or Sheriff Jenkins, either in writing, verbally, or in electronic communication such as email. It may be that ATF conducted a spot investigation of TMGN or

Krop, as it did with the other FFLs in the discovery. But that is not something that was ever communicated to Sheriff Jenkins or his agency throughout the time period in question.

III

As previously mentioned, Krop alone is charged in Count Six with illegal possession of seven machine guns. All of those guns were recovered from TMGN during a search warrant executed by ATF in May of 2022. There is nothing in the government's discovery that indicates that Sheriff Jenkins ever laid eyes on these machine guns. Without a doubt, the government will put all seven of these unnecessarily frightening and improperly prejudicial machine guns on a table in front of the jury when proving that count, and so they should. Defendant Jenkins, however, is not charged in that count and any such demonstration of the actual machine guns during Jenkins' trial would cause unfair prejudice to Sheriff Jenkins. Fed. R..Evid 403.

IV

The indictment alleges a conspiracy to defraud the United States between Sheriff Jenkins and Krop. The grand jury found no other conspirators known or unknown to be members of the conspiracy. The evidence at trial, therefore, will focus on Krop and Jenkins. A joint trial would be profoundly unfair to Jenkins. At worst, Sheriff Jenkins was duped by Krop into providing these demonstration letters, without ever knowing or having reason to know that Krop's motive was to gain financially from TMGN's special permission to possess and to import, even to obtain, these weapons. In all the discovery produced to date, there is no material that shows or establishes any financial incentive or fraudulent intent on the part of Sheriff Jenkins.

As stated, once discovery is completed, undersigned counsel will provide a supplementary Memorandum in support of this Motion to Sever Defendants.

Respectfully submitted,

ETHRIDGE, QUINN, KEMP,
ROWAN & HARTINGER

By _/s/ Paul F. Kemp_____
Paul F. Kemp, Esquire
Federal Bar #: 01260
100 North Court Street
Frederick, Maryland 21701
Phone (301) 698-8182
Facsimile (301) 831-4318
Email pfk@eqlawyers.com


SILVERMAN THOMPSON, LLP

By __/s/ Andrew C. White_____
Andrew C. White, Esquire
Federal Bar #: 08821
400 East Pratt Street
Ninth Floor
Baltimore, MD 21202
Phone  (410) 385-2225
Facsimile (410) 547-2432
Email  awhite@silvermanthompson.com

*Attorneys for Charles Austin Jenkins*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY, that on May 30, 2023, a copy of the foregoing motion was filed via ECF, which caused copies to be sent to all parties of record.

_____/s/_____
Paul F. Kemp