# EXHIBIT FOUR



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco, Firearms and Explosives

Office of the Assistant Director Enforcement Programs & Services

*Washington, DC 20226*

January 11, 2023

### OPEN LETTER TO ALL FEDERAL FIREARMS LICENSEES REGARDING MACHINEGUN DEALER SALES SAMPLE LETTERS

**Background**

The Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) provides this open letter to the Federal firearms licensee (FFL) community to advise on the restrictions and parameters of 18 U.S.C. § 922(o), which generally prohibits the possession or transfer of machineguns imported or manufactured after May 19, 1986, with limited exceptions. Federal regulation, 27 CFR 479.105(d), permits the transfer of a machinegun that is restricted by 18 U.S.C. § 922(o) to a qualified dealer as a sales sample. The application to transfer a restricted machinegun to a qualified dealer must include a letter from a government entity that requests the demonstration of the machinegun (i.e., a "law letter"). When ATF receives a legally insufficient law letter, it results in the delay of the transfer or importation of the machinegun and the demonstration of the machinegun to the interested governmental customer. The purpose of this open letter is to reiterate what information should be included in the law letter, thereby facilitating the transfer or importation[1] of the machinegun and reduce the possible delay or denial of the transfer or import application.

**Legal Background**

The Gun Control Act (GCA) makes it unlawful to transfer or possess a machinegun that was manufactured or imported on or after May 19, 1986, unless the transfer or possession is "a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency, or political subdivision thereof." *18 U.S.C. § 922(o); 27 CFR 479.105(a)*. Accordingly, machineguns imported or manufactured on or after May 19, 1986, (commonly referred to as a "post-86 machinegun") can generally only be transferred to, or possessed by, a government entity.

---

[1] The National Firearms Act (NFA) generally prohibits the importation of NFA firearms; however, 26 U.S.C. 5844(3) allows qualified importers to import an NFA firearm (including restricted machineguns) as a sales sample. See also 27 CFR 479.111. ATF published an open letter to importers on July 30, 2002, which included the general requirements when importing a firearm as a sales sample. See https://www.atf.gov/file/84756/download. This open letter specifically addresses those instances where a qualified importer imports a restricted machinegun as a sales sample to be used by the importer as a dealer's sales sample.

However, the implementing regulations of the National Firearms Act (NFA) also permit the transfer of a post-86 machinegun to a qualified licensee[2] as a dealer sales sample. *27 CFR 479.105(d)*. The dealer sales sample provision under the NFA regulations provides a narrow exception to the general prohibition on the transfer and possession of post-86 machineguns imposed by 18 U.S.C. § 922(o). Specifically, 27 CFR 479.105(d) provides that an application to transfer or import a post-86 machinegun as a dealer sales sample "will be approved if it is established by specific information expected governmental customers who would require a demonstration of the weapon, information as to the availability of the machine gun to fill subsequent orders, and letters from governmental entities expressing a need for a particular model or interest in seeing a demonstration of a particular weapon" (i.e., a "law letter"). Applications to transfer or import more than one post-86 machinegun of a particular model must also include justification that explains why the government entity needs the requested quantity of machineguns.

The law letter required by section 479.105(d) authorizes a qualified licensee to obtain a post-86 machinegun for demonstration to the requesting government entity in anticipation of future sales. A law letter from a government entity must express the government entity's need for, or interest in seeing a demonstration of, a particular machinegun. A licensee may not use a law letter as a method to enhance a personal collection or inventory of machineguns with assistance from a government entity. It is unlawful to use a fraudulent law letter to circumvent the transfer and possession restrictions under 18 U.S.C. § 922(o). Examples of using a fraudulent law letter to circumvent section 922(o) may include submitting a law letter on behalf of a government entity without that government entity's knowledge or submitting a law letter when the licensee knows the government entity has no interest in the machinegun requested. Violations of 18 U.S.C. 922(o) are subject to a fine, imprisonment for up to ten years, or both. See 18 U.S.C. 924(a)(2).

**ATF Law Letter Verification**

Prior to approving either the application to transfer or application to import a post-86 machinegun as a sales sample, ATF needs to be satisfied that the accompanying law letter is a bona fide expression of the government entity's interest in purchasing the machinegun requested. As part of the application review process, ATF will now verify the validity of every law letter submission with each government entity point of contact. ATF may also contact the government entity signatory to confirm the authority of the official, the validity of the official's signature, and/or the validity of the supporting documentation.

**Satisfactory Components of Law Letters for 922(o) Restricted Machineguns**

Pursuant to the statutory and regulatory requirements above, a law letter from a government entity to justify the transfer or importation of a post-86 machinegun for use as a sales sample should have the following identifiable components:

---

[2] A "qualified licensee" is a person who is licensed to engage in the business of dealing, importing, or manufacturing firearms under the GCA and who also pays the special (occupational) tax (SOT) to engage in the business of dealing, importing, or manufacturing NFA firearms (i.e., an FFL/SOT).

- Written on the government entity's letterhead

- Signed by someone having the authority to sign on behalf of the government entity, e.g., sheriff, police chief, etc., or by someone with delegated authority to sign on behalf of the government entity

- Signer's printed name, phone number and email address

- Dated within one (1) year of the date of the receipt of the application

- Identification of the particular machinegun being transferred (for example, M16A2)

- Identification of the government entity's interest in considering purchase of the machinegun requested

- Indication of how the particular machinegun model requested is suitable for use by the government entity

    o A law letter that requests the demonstration of a machinegun that is no longer in production will be further scrutinized to ensure they are intended for government demonstration.  The supporting documentation must provide information as to the availability of the machinegun to fill subsequent orders.
    o A law letter that requests the demonstration of a machinegun that is generally recognized as being primarily suitable for the military will require further justification explaining how the machinegun is suitable for the requesting government entity.

- Pursuant to 27 CFR 479.105(d), an application to transfer more than one machinegun of a particular model to a qualified dealer must also establish the dealer's need for the quantity of machineguns sought to be transferred.

    o The application's supporting documentation must explain the need for the transfer of more than one machinegun of a particular model.  If a legitimate reason for additional machineguns is not provided, ATF has discretion to deny the transfer. ATF will consider many factors to include, but not limited to, the size of the government entity requesting the demonstration, the size of the demonstration, and the type of machinegun demonstrated.

The following is a non-exhaustive list of common reasons of interest that are beyond the scope and purpose of a sales sample:

- Training and/or familiarity
- Enhancement of firearms knowledge

- Testing (for purposes other than determining suitability to purchase for official government use)
- Enhancement of personal collection

ATF will soon release an ATF Form that can be used as an alternative to a law letter drafted by a potential government customer.  The ATF Form law letter is intended to reduce processing times and to ensure ATF has the required information when processing these applications.  Until then, please use the guidance in this open letter when submitting law letters to avoid delays in processing your application to transfer or import a post-86 machinegun as a sales sample.

ATF is committed to helping FFLs comply with Federal firearms laws and regulations.  Should you have any questions regarding this open letter, please contact the National Firearms Act Division (NFA) at 304-616-4500 or NFA@atf.gov.

MATTHEW VARISCO
Digitally signed by MATTHEW VARISCO
Date: 2023.01.11 17:40:53 -05'00'

Assistant Director
Enforcement Programs and Service