IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CR No. 1:23-cr-00123-SAG |
| | : | |
| v. | : | |
| | : | |
| **ROBERT KROP,** | : | |
| Defendant. | : | |
| | : | |
| :   :   :   :   :   :   :   :   :   :   :   : | | |

**MOTION FOR SANCTIONS AND REPLY TO USA'S OPPOSITION TO
DEFENDANT KROP'S OMNIBUS MOTION**

COMES NOW the defendant, ROBERT KROP, by and through his attorneys, Daniel L. Cox, The Cox Law Center, LLC, and hereby replies to the Government's Response in Opposition to United States Citizen Robert Krop's Omnibus Civil Rights Motion, moving for sanctions of dismissal, and says in support of his humble request for immediate relief:

BACKGROUND SUMMARY TO THE GOVERNMENT'S "RESPONSE"

As explained in Mr. Krop's Omnibus Motion and incorporated herein the rule of lenity has been wrongly set aside, and Mr. Krop's due process has been grossly violated. He has had no "fair warning" of any potential criminality that the government today seeks to unjustly put this innocent man behind bars for. **The government must not indict and try someone on a novel and broad new interpretation of federal law as it has done here, and dismissal of all charges is required**. *United States v. Lanier*, 520 U.S. 259, 117 S.Ct. 1219 1224, 137 L.Ed.2d 432 (1997); *U.S. v. Sheek*, 990 F.2d 150, 153 (4th Cir. 1993); *U.S. v. Lee*, 82 F.Supp.2d 389 (E.D. Pa. 2000). Like the instant case, the Court in *Sheek* found that the government conceded that the federal statute was intended to *exempt* the criminal defendant, not criminalize her. *Id.*; ECF 22, pg. 4, footnote 1. However, the government falsely proceeded to charge anyway under an expanded self-interpretation of "parent" to exclude biological parents. Similarly, here, the government seeks to exclude defendants, a Class III FFL/SOT and elected Sheriff, from the express exemption under the criminal statute for transfer, importation and possession of machineguns including post-1986, on a novel interpretation of its own regulations and federal law. Such violates the long-standing rules of construction of criminal law which binds this Court to dismiss the charges.

In *Sheek* the Fourth Circuit reminded prosecutors that:

1

"[the] criminal statute [] carries with it special rules of construction. It is a fundamental rule of criminal statutory construction that statutes are to be strictly construed and should not be interpreted to extend criminal liability beyond that which Congress has "plainly and unmistakably" proscribed. *Dunn v. United States*, 442 U.S. 100, 112-13, 99 S.Ct. 2190 2197, 60 L.Ed.2d 743 (1979) (quoting *United States v. Gradwell*, 243 U.S. 476, 485, 37 S.Ct. 407, 410-11, 61 L.Ed. 857 (1917)); *United States v. Bice-Bey*, 701 F.2d 1086 (4th Cir.), cert. denied, 464 U.S. 837, 104 S.Ct. 126, 78 L.Ed.2d 123 (1983). The accused lacks fair notice of criminal liability when it is based on some "unforeseeable judicial construction of the statute." *Marks v. United States*, 430 U.S. 188, 97 S.Ct. 990, 51 L.Ed.2d 260 (1977). Thus, "ambiguities in criminal statutes must be resolved in favor of lenity for the accused." *United States v. Headspeth*, 852 F.2d 753 (4th Cir.1988). This rule alone prevents this Court from carving out of the parental exemption to the Lindbergh Act those biological parents who have been the subject of a termination decree at the hands of a state court…

In determining the scope of a statute the court must first look to its language. The words of a statute are to be given their ordinary meaning. *Moskal v. United States*, 498 U.S. 103, 111 S.Ct. 461, 112 L.Ed.2d 449 (1990); *United States v. Stokley*, 881 F.2d 114, 116 (4th Cir.1989). Statutory construction must begin with the language of the statute and the court should not look beyond that language unless there is ambiguity or unless the statute as literally read would contravene the unambiguously expressed legislative intent gleaned from the statute's legislative history. *Russello v. United States*, 464 U.S. 16, 20-28, 104 S.Ct. 296, 299-303, 78 L.Ed.2d 17 (1983); *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108-116, 100 S.Ct. 2051, 2056-60, 64 L.Ed.2d 766 (1980). Even if the result appears to be anomalous or absurd in a particular case, the court may not disregard unambiguous language. *United States v. Harvey*, 814 F.2d 905, 917 (4th Cir.1987) (citing *North Carolina Dep't of Transportation v. Crest Street Community Council*, 479 U.S. 6, 14-15, 107 S.Ct. 336, 341, 93 L.Ed.2d 188 (1986)), superseded on other grounds *In re Forfeiture Hearing as to Caplin & Drysdale*, 837 F.2d 637 (4th Cir.1988).

990 F.2d at 150-53; See also, *U.S. v. Lee*, 82 F.Supp.2d 389, 393 (E.D. Pa. 2000)(court DISMISSING charges for failure of the U.S. Attorney to charge under any applicable, narrowly tailored federal law).

In *U.S. v. Lee*, *supra*, the Court said on the government's motion for reconsideration it would not allow a reversal of its order to dismiss the charges because, in part:

"[it] seem to us that the Government's argument puts the cart before the horse — that construction should follow the statute and not vice versa. And in this regard it is important to recall that we are not here engaged in simply any exercise of statutory interpretation. Because this is a criminal case, our interpretation and construction of § 157 are constrained by the due process safeguards owed to Robert

2

>Lee. As we discussed in our January 20 Memorandum, the right to due process gives rise to a "fair warning" requirement for criminal statutes: **that the defendant have "fair warning ... in language that the common world will understand, of what the law intends to do if a certain line is passed.** To make this warning fair, so far as possible the line should be clear." *United States v. Lanier*, 520 U.S. 259, 117 S.Ct. 1219 1224, 137 L.Ed.2d 432 (1997) (quoting *McBoyle v. United States*, 283 U.S. 25, 27, 51 S.Ct. 340, 341, 75 L.Ed. 816 (1931))…
>
>One component of this need for fair warning is the **canon of strict construction of criminal statutes, otherwise known as the rule of lenity**, which directs us to resolve ambiguity in a criminal statute so as to cover only conduct clearly covered12, see *Lanier*, 117 S.Ct. at 1225 (citing *Liparota v. United States*, 471 U.S. 419, 427, 105 S.Ct. 2084 2089, 85 L.Ed.2d 434 (1985)). Another component is the principle that "due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *Lanier*, 117 S.Ct. at 1225 (citing, e.g., *Marks v. United States*, 430 U.S. 188, 191-92, 97 S.Ct. 990, 992-93, 51 L.Ed.2d 260 (1977)).

82 F.Supp.2d at 393 (bold emphasis added).

This Court is respectfully requested to rule on the law which the prosecution illegally invents, and upon which hangs the entire indictment, and DISMISS WITH PREJUDICE all charges for both defendants. To intimidate a constitutional Sheriff and seek to hand his elected office over to its own political party for appointment, the prosecution makes up law and falsifies facts.[1]

---

[1] The ATF is presently under active investigation and subpoena by the United States House Judiciary Committee for illegally raiding and prosecuting Americans and FFLs such as Mr. Krop, and recently the IRS was caught illegally seizing *names* of gun owners from an unlawful gun shop raid. See, https://oversight.house.gov/release/joint-hearing-wrap-up-biden-administration-has-weaponized-the-atf-to-target-law-abiding-americans-turn-them-into-criminals%EF%BF%BC/ accessed June 22, 2023; https://billingsgazette.com/news/state-regional/government-politics/irs-atf-search-great-falls-gun-store-rosendale-calls-it-harassment/article_22ced2c8-0bdc-11ee-9daf-07059b04cc18.html accessed June 22, 2023.

3

<u>THE GOVERNMENT'S ARGUMENT IS OVERZEALOUS AND ULTRA VIRES</u>

We now read with great interest the prosecution's new legal argument in support of its indictment, mirroring with explicit error the falsely sworn affidavit for the telephone-warrant raid sworn by VAVILIN.  As Mr. Krop argued in the Omnibus Motion, the once-again overzealous prosecution seeks to undermine and actually change federal law and prevent law letters of interest in machineguns across-the-board that do not state a purchase request or purchase interest, something it cannot do in the face of Congressional, constitutional and federal law mandate.  There is no need for a federal "Law Letter" when the prosecution now requires a pre-disposition for a purchase or a *potential* purchase; the Class III could just issue the purchase order.  Such a rule would violate the Sherman Anti-Trust Act allowing competition for all Class III FFL dealers to equally obtain law letters to compete for any interest by law enforcement *and military*[2] including training, shooting, exhibiting, handling, demonstrating and purchasing, which totally decimates the prosecution's fake indictment.  And the facts support this: the prosecution indicted only Mr. Krop while allowing the same Class III law letters to other licensees whom FCSO provided law letters to.

The government does not answer the legal arguments presented by Mr. Krop and continues instead to misrepresent the law because 1) it now realizes it filed false criminal charges as a matter of law, and 2) it cannot prove any illegality or conspiracy by Sheriff Jenkins or Mr. Krop to violate any federal law since the law mandates the government respect the **interest alone** of states and local government in post-1986 machineguns and the lawful right of Mr. Krop to use his for-profit Class III FFL.

Instead, the government falsely represents to this Court that 1) federal law mandates a machinegun demonstration to a person in a position of purchase power, and 2) absent a demonstration for the purpose of a purchase decision the ATF law letter policy is not met.  Yet nowhere does the ATF itself even say this is true in its own policies, procedures or regulations.

---

[2] The prosecution errs in arguing that the law letters may only be for law enforcement potential purchases, when it further admits that federal law mandates it accept law letters for *military* interest.  Mr. LEO WISE'S fake argument that a machine gun was "unsuitable" for the Sheriff is contravened by his admission that the law letters are by federal law used for demonstration by and interest by **military** without any requirement that the law enforcement purchase or wish to potentially purchase the said machine guns of interest.  As cited in the Omnibus Motion, federal law allows law letters and machine guns for *use – including, practice, enjoyment and training by military, citizens and law enforcement*.  **TMGN has a membership of 383 military and law enforcement, including Sheriff's deputies, ATF, FBI and ICE agents all of whom have daily access to demonstrate machine guns; all may recommend purchases to their command.  The prosecution's argument is therefore not only errant on the law, but absent of logic.**

4

And as this Court is aware, there is no such federal law requirement for a purchase or potential purchase for the ATF Law Letter under any U.S. Code. **Interest alone** governs; not an interest in "demonstrating purchasing these machineguns or in demonstrations to determine whether they were suitable for law enforcement purposes." ECF 22, pg. 6. Upon this new prosecutorial inventive interpretation hangs the entire fake indictment.

All the argument from the prosecution about whether any particular gun is "suitable" or whether a "purchase purpose" or the illegal interview of the Sheriff which must be suppressed and which is furthermore irrelevant to the law, is of no consequence and must be disregarded as a Red Herring by the errant and politically motivated prosecution trying to change the law of the land.

The prosecution in its response in opposition to Mr. Krop's Omnibus motion to dismiss now admits that it hangs its entire fraudulent case on its own mysterious belief of a power to require Sheriff Jenkins or "a person in a position for purchasing" machineguns to be required to *personally* demonstrate machineguns of any stated law letter interest, or else the law letters are "fake" because they were provided to a Class III FFL business, which is what the law letter is for to begin with. (ECF 22, pg. 5).

In deployment at this very moment on the FCSO Department and SWAT force are post-1986 machineguns, similar to which the government falsely tells the Court "have no place on the streets of a county such as Frederick." (Omnibus Ex. 2, VAVILIN WARRANT RAID AFFIDAVIT). His ignorance and political beliefs are not American law.

Contrary to the government's assertions of a "general ban" on machineguns absent a "purchase purpose" (ECF 22 pg. 5), the law which the government ignores and undermines says the following:

1. Congress entirely exempted state and local government and any lawful U.S. citizen from any "general ban" on possession and/or use of machineguns. See, 18 U.S.C. § 922(o)(2). ( "This subsection does not apply with respect to--**(A)** a transfer to or by, or possession by or under the authority of… a State, or a department, agency, or political subdivision thereof; or **(B)** any lawful transfer or lawful possession of a machinegun that was lawfully possessed before the date this subsection takes effect.").

2. The federal government further administers a licensing process for Class III FFLs to obtain, ***keep and use***, possess, build, import, export, transfer, sell, and demonstrate pre- and post-1986 machineguns. See, 27 CFR § 479.105(c); 18 U.S.C. § 922(o).

5

3. The only active ATF policy applicable to the instant matter is the 'Law Letter' dated November 10, 1999 (Omnibus Ex. 3) which requires the government and the ATF to honor a mere stated **"interest"** law enforcement or military may have in seeing a post-1986 firearm. Once an "interest" is stated on the law letter and approved by the ATF, a CLASS III FFL such as Mr. Krop may then lawfully import, purchase, transfer, own, rent and demonstrate the said machineguns of interest – keeping the same in its custody and ownership as a sample, and selling any that it wishes to U.S. or state law enforcement or military or local governments, or exporting the same under State Department guidelines to permissible countries. At no time was federal law or even the "law letter" policy violated by Defendants, and the government does not allege any actual violation of law – merely the violation of its own *ex post facto* political policy on the law, violating the rule on lenity.

4. The government is allowing at this very moment hundreds of Class III FFLs including Ray Casteline, another person Sheriff Jenkins provided law letters for, and the purpose of which was his own personal collection unlike the demonstration purpose of TMGN, to obtain, "import from Belgium", possess and use post-1986 machineguns. Yet the government falsely singles out Mr. KROP because it wants to remove from office a major political voice and advocate for the 287(g) secure Border program, Frederick's hero Sheriff Chuck Jenkins. This prosecutor's averments and indictment is false, vindictive, politically motivated and the charges must be DISMISSED WITH PREJUDICE as to both defendants.

5. The government's bald statements of violation of federal law are impermissible because the government is not permitted to legislate his own ideas via a new "Law Letter" as it is doing under the January 11, 2023 BIDEN policy change. Only Congress may legislate federal law. Congress mandates that the government honor U.S. Code which requires a Class III FFL to be permitted to obtain, possess, *use*, and import firearms, manufacture them, export them and even for post-1986 machineguns, keep *and "use"* them as sales and demonstration samples. 27 CFR § 479.105(c); 18 U.S.C. § 922(o).

6. All motions in the Omnibus Motion are hereby reasserted and incorporated as if fully set forth herein. The government's responses notwithstanding, the motions are valid, supported by law and necessary to be granted for the due process and fair trial rights of Mr. Krop. Mr. Krop reserves the right to file bench briefs on each motion prior to argument.

<u>SANCTIONS AGAINST THE GOVERNMENT<br>
ARE NECESSARY TO UPHOLD THE RULE OF LAW</u>

1. **<u>THERE IS NO CRIME.</u>** As stated plainly in our Omnibus Motion, which is fully incorporated herein as if fully set forth herewith, as a class 3 FFL (Federal Firearm Licensee) and SOT (special occupation tax) holder, defendant's company, TMGN LLC, is legally allowed to manufacture, purchase and sell "machine guns" and other class 3 firearms, such as suppressors, short barrels, etc. If it tickles their fancy to turn a stainless-steel Yeti into a fully automatic machine gun, they are legally permitted and licensed to do so, and they may also export and import the same. For the government to say that KROP illegally had these firearms is a gross misrepresentation and fraud upon the court, and is completely false. Whether or not UKRAINIAN VAVILIN politically likes US law which permits Class III licensees, as **he falsely and nonsensically swore to the court "machineguns" should not be "in their hands"**, matters not. All charges stating that KROP illegally possessed these averred firearms is blatantly false and must be dismissed. 27 CFR § 479.105(c)("c. Importation and manufacture…importers and manufacturers…may important and manufacture machine guns on or after May 19, 1986, for sale or distribution to any…State…**or for use by dealers qualified under this part as sales samples** as provided in paragraph (d) of this section…[and]…for exportation in compliance with the Arms Export Control Act (22 U.S.C. § 2778)…").

2. **<u>THERE IS NO CONSPIRACY.</u>** All averments by the government that Defendant KROP made any false statements is a knowing fraud and falsity upon the Court and must be sanctioned. KROP followed the "Law Letter" down to the "Letter" of the law, and that truth is not even challenged. The government does not attempt to show KROP violated the law in any way in its response because he did not. Instead it falsely invents novel legal theories and tries to support the same by focusing on custodial intimidated statements from Sheriff Jenkins which have no bearing upon the law or the facts. It matters not what the ATF interview illegally obtained, or how VAVILIN feels; the law *requires* the ATF to permit law letters on three bases for both law enforcement *and* military interest, which was lawfully complied with for all the 17 years of practice the government now wishes to prosecute via an *ex post facto* Biden policy change:

    a. Potential purchase; or
    b. Demonstration; or

    c.  **Interest.**

Defendant's Ex. 3 to Omnibus Mot., (governing Law Letter requirements Nov. 10, 1999).

    The government's false averment that the Law Letter requirement is a "demonstration letter" changes the terms of the governing law and policy requiring *only interest*, *id.*, in order to falsely portray Defendant KROP to the Court in order to attempt to salvage the illegality of the false indictment. VAVILIN and the prosecution both know, but failed to inform this Court, that there is no other requirement under law letters or federal law; and in the event of a demonstration, it further failed to inform this Court that there is no requirement of the same to occur, but only an *interest* which they admit exists with over 383 military and law enforcement members that shoot machine guns at TMGN. That is the law of the land. This fake indictment requires sanction of the government and DISMISSAL of all charges WITH PREJUDICE.

3. **THERE IS ONLY REPEATED DEFAMATION AND FRAUD UPON THE COURT.**
   The government falsely states to this Court the lawful law letters were "fake law letters" ECF 22, pg. 6, and admits in its filed response to having no specific lawful support for his Grand Jury indictment and underlying warrant falsely sworn by ANDRIY VAVILIN. Instead, it falsely claims "federal law generally prohibits…machineguns" and failing to cite to any specific violation of law in contrast to Defendant's motion which clearly cited each federal law supporting Defendant and which the government is attempting to undermine with its political indictment and prosecution on behalf of the BIDEN Administration's new fake policy. The government does not respond regarding the Biden Administration's **Ex Post Facto Law Letter dated January 11, 2023**, and instead falsely states the law letter requests were for "considering purchasing the machineguns," falsely stating that the law forbids "belt-fed machineguns [sic]" for law letter interest when the prosecutor knows the law permits the same, and rather than uphold the Law and drop these politically motivated false charges, instead argues this court should rule on the alleged intimidation and lies by ATF agents directed at Sheriff Jenkins during an unlawful custodial interview, which in any case did not state any wrongdoing at any time.
4. **The government is withholding exculpatory evidence from production.**

8

Without producing the same with the documents provided to date, but merely piled on a table in a yellow envelope at Baltimore's ATF headquarters when KROP and the undersigned reviewed the seized firearms, were alleged letters from Sheriff Jenkins acknowledging his receipt of information from the ATF and/or KROP that the machineguns requested via the Law Letters had arrived and that there was an FCSO interest in scheduling demonstrations. Copies of these letters have never been produced to examine and inquire as to their authenticity and chain of custody. Furthermore, the government knew or should have known that 383 ATF, FBI, police, Sheriff's deputies, law enforcement and military all demonstrate machineguns lawfully at TMGN and that the said machineguns were in fact available at all times for demonstration by all law enforcement. To not inform the Court of the existence of this exculpatory information and instead to argue falsely a fake conspiracy existed and an illegal possession when the law was being followed beyond reproach, is a fraud on the Court and the government is requested to be sanctioned and the charges DISMISSED.

5. The government's lead prosecutor, who was previously reprimanded for allegedly purporting a FRAUD on the Court by the Fourth Circuit Court of Appeals[3], admits to his LEAD UKRANIAN AGENT ANDRIY VAVILIN being from Ukraine, and fails to provide the requisite discovery to Defendants concerning the requisite compliance with federal law regarding federal police powers of United States government employees and the unlawful possession of firearms by a foreign national, and instead launches a **knowingly defamatory**, fraudulent, ludicrous and false accusation not permissible by a

---

[3] On January 11, 2023 of this year, the same day that AUSA LEO WISE knew or should have known the BIDEN ATF changed its "Law Letter" requirement which changed BIDEN policy he then used, on information and belief, to falsify an indictment of defendants *ex post facto*, prosecutor LEO WISE was questioned by the Fourth Circuit Court of Appeals for his alleged violation of the Sixth Amendment right to counsel in his interference with the constitutional protections of defense counsel including attorneys for defense, Mr. Ravenell and Mr. Treems. See, https://www.fd.org/news/feds-draw-fourth-circuits-ire-over-defense-atty-questionable-conviction accessed June 21, 2023 ("with the chief judge accusing a federal prosecutor [LEO WISE] of potentially treading on the Sixth Amendment right to counsel"); see also, https://www.baltimoresun.com/maryland/baltimore-city/bs-md-ci-leo-wise-prosecution-hunter-biden-20230620-wktxmwrucfanblowz343mka7ea-story.html accessed June 21, 2023 ("Treem was acquitted of obstruction of justice [prosecuted by LEO WISE]. Similar to the instant case, in that case "WISE executed a search warrant at the law firm of Brown, Goldstein and Levy." The Fourth Circuit Court of Appeals found" that certain of his actions were "improper."). On March 21, 2023 U.S.A. Erek Barron demoted Mr. WISE from chief to line prosecutor amid additional accusations of WISE'S politicization of former prosecutor Marilyn Mosby's indictment. Yesterday, it was announced WISE had signed onto Hunter Biden's prosecution and plea deal, but this attempt at political cover does not save his grave and serious mishandling of the instant case as serving a fake BIDEN Administration change in policy and unlawful targeting of lawful Class III licensees such as Defendant by doing the bidding of Biden's new ATF actions currently under investigation by Congress for illegal weaponization.

9

member of the Bar **falsely inferring Defendant Krop to be racist or otherwise**, which inference, statements and accusations must be stricken and the false inference against the integrity, character and reputation of Mr. Krop reprimanded by this honorable Court as in violation of Md. Rule of Prof. Conduct 3.3 ("(a) A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;").  Mr. WISE has zero basis to aver that Mr. Krop "made personal attacks on a special agent based on his nationality…have no place in our system of justice and [must be] rejected unequivocally." ECF 22, pg. 19-20.  Mr. WISE'S false averment of "personal attack based on nationality" must be sanctioned as the false and defamatory statement that it is.  At no time has Mr. Krop or anyone made a personal attack based on VAVILIN'S nationality; indeed, the legal questions have nothing to do with his confirmed nationality but instead his citizenship status and lawful right to possess machineguns in the United States as he did on May 25, 2022 when he seized them from a lawful Class III FFL licensed American dealer whom he denigrated under oath to the Grand Jury with false statements.  The law of the United States must be followed and Mr. WISE must immediately produce the requisite proof that his LEAD prosecuting agent has renounced his citizenship in Ukraine and lawfully obtained a raid warrant and lawfully seized and possessed the machineguns he stole from the American company lawfully licensed to own and possess them.  He further failed to follow mandatory chain of custody procedures during the raid, all of which the remedy is DISMISSAL WITH PREJUDICE.

6. The government, acting on behalf of BIDEN Administration, is attempting to legislate new law and policy on behalf of the president of the United States and in violation of federal law and the mandate of the U.S. Congress.  The law mandates that possession of machine guns including "post-1986" by Class III licenses is permitted but the BIDEN Administration has on information and belief in its new Law Letters and pursuant to VAVILIN's affidavit statement of change in policy by the BIDEN Administration, instructed – fraudulently – the ATF and prosecutors to perpetrate a fraud on the court and pretend that this isn't so in the law – that local law enforcement and Class III FFL licensees may not possess post-1986 machineguns.  This violates both existing law which allows

post-1986 possession, transfer, export, import and use, and the *ex post facto* protections from prosecution in our Constitution.

7. For instance, fraud on the Court perpetrated by the government is seen in that it claims that the "FN P90" machinegun seized by averred foreign national UKRAINIAN VAVILIN was not a proper law enforcement weapon because his undercover agent discovered TMGN "had no ammunition" for the P90 and that in his estimation it was therefore scarce and not "suitable" for law enforcement.  The prosecution makes up this unwise and false policy in doing so, perpetrating a fraud on the court.  No-where in the law does it permit the government to determine "suitability" whatsoever and to aver the same is a fraud on the court.  No-where is there any evidence that P90 ammo is "scarce" and indeed it is not.  During COVID there was a backlog of many types of supplies including ammo – but not now and the government knows this and continues to perpetrate a fraud and a lie upon the Court.

8. Additionally, the undersigned moves this Court to order Mr. WISE to shoot the post-1986 P90 which TMGN manufactured, and which is currently in the possession of TMGN and available for demonstration.  Contrary to his false statements to the Court, there is plenty of ammo and federal law permits its demonstration; it is the same model weapon that he and VAVILIN illegally seized.

9. Mr. KROP again moves the court to immediately order the information pertaining to ANDRIY VAVILIN'S national citizenship status and renouncement of his UKRAINIAN citizenship to be disclosed, along with all dates thereof.  As seen in the despicable and defamatory response by the government, it falsely infers Mr. KROP is racist for raising the federal law enforcement citizenship mandate and firearms possession laws *that WISE himself is charging KROP under*.  Somehow, the government doesn't believe the same laws applies to itself and its agents.  The government's written confirmation of its LEAD AGENT VAVILIN in this illegal prosecution ring being in possession of the seized firearms without any proof of U.S. citizenship and renouncement of his foreign national status, in potential illegal violation of law, demands immediately remedy and DISMISSAL of all charges.   Furthermore, the government's despicable and disgusted attack on the dignity, honor and integrity of Mr. KROP inferring he is a racist because of questioning federal law regarding foreign national status is remedied by sanction and DISMISSAL.

      The government fails to inform the court what it knows or should know, that Mr. KROP is MARRIED to his wife of foreign ethnicity, and that the couple regularly provide business, sales, services, church outreaches, kindness and care to UKRAINIANS, and members of many national origins in their multiple businesses and through their own family outreach.[4]

10. Mr. KROP re-alleges and re-avers each and every motion and argument from his Omnibus Motion and notes that each argument stands without rebuttal or actual proof of its opposition by the government.  For instance, the government baldly claims it has produced whatever it was required to produce while ignoring the outstanding specific requests it is presently denying in discovery which have been specifically demanded.  Furthermore, it claims it can hold back exculpatory evidence in violation of federal law, instead claiming that such evidence is part of its "case in chief" and therefore undiscoverable.  That is a ludicrous position considering that missing e-mails from its agents exist showing spoliated dates and evidence.  Missing chain of custody logs are required to be provided.  Missing communications electronic and otherwise are refused to be provided which are not part of any case in chief but which contain exculpatory information including discussion regarding agents trying to scrape and find any remote reason they can argue to help bolster the already illegal and thin political indictment.

11. The government falsely claims it has "no informants" or "undercover agents" pertaining in any way to this case or the people involved.  However, the undersigned has notified the AUSA to cease and desist its undercover harassment activities by its undercover agents which were entering the TMGN facilities and harassing and trying to entrap and speak with members of the TMGN staff this year after the indictment and after the undersigned's entry of appearance and Mr. Krop's arraignment.  The undersigned was required to issue a cease and desist letter once the identification of the undercover agents as being from the government were obtained.  However, the prosecution falsely, on information and belief, proffered to the Court that they had no undercover agents.  Additionally, just today the

---

[4] Additionally, the undersigned notes that a close family member of his is from Ukraine whose family recently escaped the war and whom he assisted in asylum legal work, so to infer an impropriety as the government falsely did was not only defamatory but it violates the rules of ethics in wildly making a false representation to the Court, all while doing so to perpetrate a fraud, meaning, that it wishes to avoid scrutiny of the federal law over its lead agent's necessary disclosure of citizenship status and renouncement of foreign national ties, or lack thereof.  For him to so disclose would, on information and belief, potentially further decimate his case and show that it is the government's agent that was in unlawful possession of machineguns in violation of federal criminal law.

government apparently had federal armed FBI or ATF agents entering and brushing by the restaurant dinner table of the undersigned immediately after work, doing two walk-bys of the undersigned's dinner table at a restaurant with apparent deliberate show of force, repeated eye contact glare and intimidation, and then posting the armed agent outside the door of the restaurant to watch defense counsel with intimidation, the undersigned's security taking photographs of the illegal intimidation and surveillance with a clear facial identification of the armed agent. At least one agent was armed with a firearm on the left belt side and with audio and radio devices clearly present on their suit jacket and ear to communicate with other armed agents and/or other government operatives, one block from the undersigned's workplace.[5] The female agent entered after the male agent had identified the undersigned's table location in the restaurant and walked by it, which she then proceeded to do the same walk-by with the same intimidation glare and eye contact. The Court is requested to issue an ORDER to the government to cease and desist all such illegal alleged harassment and intimidation of defendant and defense counsel activities. <u>The undersigned member of the Bar hereby notifies the prosecution that he will seek the state criminal prosecution for harassment and stalking of each and every photographed or otherwise identified agents and their vicarious chain of command if any additional federal agents continue to harass, stalk, or appear at or near his work, home, family or any location the undersigned is in</u>. Since the identity of an agent are now able to be obtained via the security photograph, those agents are on notice of potential criminal prosecution should they continue to stalk the undersigned defense counsel.

12. Finally, Mr. KROP reasserts and moves the Court for immediate dismissal of all charges for failure to adhere to the Speedy Trial Act of 1974. By every calculation his trial should have been held on or before June 12, 2023 and concluded over a week ago and it was not. Mr. KROP repeatedly demanded the same to be held. He demanded this in open court on record. He demanded it in e-mails to chambers. He demanded it in his Omnibus Motion.

---

[5] The government, Mr. WISE, falsely claims in his response that the undersigned "made himself a witness" when the UKRAINIAN AGENT VAVILIN volunteered evidentiary information to the undersigned during the undersigned's due diligence review of evidentiary information and witnesses at the ATF headquarters in trial preparation – which is the duty of every defense counsel. The statements of Mr. WISE are false, vindictive and biased, and once again demonstrate his apparent inability to honor defense counsel and the law of ethics towards defense counsel recalling in the undersigned's mind why he was justly called into question by the Fourth Circuit and demoted by Mr. Erek Barron for his biased attacks and vindictive approach to defense counsel's lawful defense of innocent and charged Americans.

All were unheeded and as such the charges against him, being false and in violation of the SPEEDY TRIAL ACT of 1974, must be immediately DISMISSED WITH PREJUDICE.

### **CORRECTION TO AUSA'S "BACKGROUND INFORMATION"**

The government falsely claims Sheriff Jenkins "falsely claim[ed] he was seeking demonstrations of machineguns by…FFL Robert Krop…". USA ECF 22 pg. 4.  This is a knowingly false statement to the Court.  The law letter does not allow for a claim of "false seeking" when it clearly states the same *on its face* and when Krop relied upon the same and did in fact perform the same as set forth without rebuttal by the statements of the government.

The government falsely claims KROP is merely "a gun shop and firing range…". USA ECF 22 pg. 4.  He fails and refuses to inform the court that KROP is a CLASS III FFL licensed machinegun supplier and dealer and demonstrator.  His business The Machine Gun Nest is, and always has been, licensed to demonstrate machine guns as well as serve as a general purpose firing range and gun shop.  The TMGN niche, as its name shows, are the lawful use of machine guns.

The government falsely claims the law letters from Sheriff Jenkins "claimed [he] was considering purchasing the machineguns…" USA ECF 22 pg. 4.  This is false on its face; the law letters state the opposite – that the requests are for interest and *not* for purchase.  Indeed, it is nonsensical that the government is uninformed as to *why* the law letters exist.  IF they were merely for purchase orders of machine guns, then they need not exist at all.  The reason federal law requires, indeed mandates, law letters is because the law mandates there must be competition for interest and business contracts of all kinds, and not mere purchase orders, which would violate the Anti-Trust Act in that only one Class III FFL would be able to ever compete for business interests.

The government falsely states Mr. KROP obtained, via law letters, machineguns from Belgium and from the United States "that he otherwise would have been prohibited from obtaining." USA ECF 22 pg. 4.  This is a false statement and known to be so by the government. The prosecution may travel to TMGN at this moment and shoot the very same model P90 fully auto machinegun as the one his agent seized and as he knows but fails and refuses to inform the Court, it is lawful for Mr. KROP to both possess and to demonstrate the same fully auto *post-1986* machinegun at this very moment. The government's misrepresentations are not mere oversights – they are materially false statements to the Court and must be sanctioned and the charges DISMISSED WITH PREJUDICE.

The government falsely states to the Court that "once Krop had the guns, he rented them out to customers at The Machine Gun Nest generating significant revenue."  USA ECF 22 pg. 4-5.  This is a false statement.  The prosecution knew or should have known that it is making up its own law and policy and that the ATF Class III FFL license *requires* a business model, that KROP did not obtain significant revenue even though the law permits the same, and *that law enforcement and military is a major membership of the business*.  As a matter of law, there is no basis for the government to claim that demonstrating machine guns under licensure for profit is illegal.  As stated and unrebutted in the Omnibus Motion the ATF policies *mandate* these very things that the prosecution unwisely seeks to proscribe by its own legislation and indictment, violating fair notice.

The government falsely states to the Court that "The Machine Gun Nest reached out to Jenkins and offered to support him politically in the then upcoming election cycle." USA ECF 22 pg. 5.  This is a false statement. The government knows this is a political statement from his BIDEN Administration ordered investigation against a BIDEN Administration opponent Sheriff Jenkins, who appears regularly in support of the 287(g) program which is a program vowed by the BIDEN Administration to dismantle, as well as its vow to confiscate all guns.  The government posits a total fraud on the Court in this statement:  1) it charges Mr. KROP for lawfully obtained law letters and firearms under his Class III FFL license "over a seven-year period from 2015 to 2022" and then falsely claims he offered political support "in the then upcoming election cycle."  Mr. KROP did not such thing.  Not even once.  But if he had it would have been First Amendment protected activity that the prosecution itself allegedly participated in prior to receiving their prosecutorial appointments (enter names and see political donations at www.opensecrets.org), but such is politically protected under the First Amendment and it should be; 2) The government's statements cannot be remotely accurate even so, for its indictment does not show "The Machine Gun Nest reaching out to Jenkins" for political support, as it falsely claims, but actually avers mere political statements – speech – by third parties and not by Mr. KROP.  3) The government's statements furthermore are belied by the fact that he falsely avers a "conspiracy" from 2015 to 2022, but claims instead in the indictment mere political statements – not any support.  So the entire fake argument by the government that "no quid pro quo is necessary" as it claims in its response, which is also not the legal standard for conspiracy, is belied by its own circular and false arguments of an alleged political statement quid pro quo.  Such nonsense must be DISMISSED WITH PREJUDICE immediately.

WHEREFORE, Mr. Krop respectfully requests this Court order acceptance of the filing of his Omnibus Motion in his defense with exhibits and that the Court award SANCTIONS against the government by DISMISSING ALL CHARGES IN THE INSTANT MATTER.

                                        Respectfully submitted,
                                        ____/s/_____
                                        Daniel L. Cox
                                        THE COX LAW CENTER, LLC
                                        P.O. Box 545
                                        Emmitsburg, MD 21727
                                        Telephone: 410-330-3551 (mobile)
                                        Telephone: 410-254-7000 (office)
                                        Facsimile: 410-254-7220
                                        District of Md Attorney Id: 28245
                                        Attorneys for Plaintiffs

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on June 22, 2023, a copy of the foregoing motion was filed via ECF, which caused copies to be sent to all parties of record.

                                        _____/s/_____
                                        Daniel L. Cox