IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | **CRIMINAL NO. 23-123-SAG** |
| **CHARLES AUSTIN JENKINS,** | * | |
| | * | |
| Defendant. | * | |
| ******* | | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION TO AMEND CONDITIONS OF PRETRIAL RELEASE**

The United States of America, by and through its undersigned attorneys, hereby submits this opposition to Defendant Charles Jenkins motion to amend the conditions of release to enable him to possess, and presumably carry, two service issued weapons. In support of this opposition, the Government states:

1. As a general proposition, in virtually all cases involving individuals charged with felony offenses, who are released pending trial, the Government seeks as a condition of such release, that the defendant be precluded from possessing firearms. Often, this requires individuals residing with the defendant – including third-party custodians – who might otherwise be in lawful possession of firearms, to temporarily surrender or dispose of those firearms.[1]

2. This policy and practice stems, in part, from the proposition that individuals facing federal felony charges – irrespective of the defendant's likelihood of being convicted – are

---

[1] Defendant Jenkins notes that his codefendant's wife, Stephanie Krop, was permitted to retain her weapons in the residence they share. First, this was over the Government's objection to this arrangement, and continuing suspicion about its efficacy. Second, the conditions of Stephanie Krop possessing firearms were restricted in a manner intended to preclude Defendant Krop from accessing those firearms.

confronting unusually challenging and stressful circumstances that in some cases impact on individual behaviors relative to others as well as themselves.[2] Accordingly, it is prudent to eliminate firearms from being readily attainable and available to the defendant, for the safety of the community and the individual.

3. Defendant Jenkins continues to serve as the elected Sheriff of Frederick County, because he is an elected official. In virtually every other instance of which undersigned counsel are aware, law enforcement officers charged with federal felony offenses are required to surrender duty firearms and are not otherwise permitted to possess firearms while in pretrial release status. As AUSA Wise argued at Jenkins' initial appearance, when addressing release conditions, this condition was imposed against the former Commissioner of the Baltimore Police in *United States v. Darryl De Sousa,* 18-cr-0276-SAG, Doc 12, and against former Chief of Police of Taneytown in *United States v. William Tyler,* 19-cr-0054-ELH.

4. Likewise, in counsels' experience, most, if not all law enforcement officers are suspended from their official duties pending the dispositions of their federal felony charge. Presumably, Jenkins status as an elected Sheriff has precluded his suspension from law enforcement duties.

5. Counsel for Jenkins suggest that he is continuing to serve "at great personal risk to himself," and claim that during his tenure he has been the subject of threats of bodily injury and death. While it cannot be gainsaid that law enforcement duties carry risk significantly greater than many other professions, these risks are heightened in the day-to-day performance of duties by

---

[2] The recent death of federal defendant Roy McGrath, who died during an encounter with law enforcement after he absconded from pretrial release, supports this concern. Publicly available accounts indicate that McGrath, who was encountered in Tennessee after fleeing from Florida, was in possession of a firearm.

officers engaged in operations on the streets of their communities.  Furthermore, Jenkins has cited no specific instances of prior threats nor supported his contention that his continued service is at great personal risk.  Specifically, counsel have not given any indication that he has been unable to fulfill the duties he continues to assume since his initial appearance.

6.      Counsel's assessment of the strength of the Government's case should be of relatively little moment to this court's decision.  A Grand Jury found probable cause to charge him with the offenses.  Jenkins signed multiple "law letters" for Krop without having the intent to actually demonstrate said weapons nor actually carrying out that averment, which are at the heart of the charges against him.

For the foregoing reasons, the Government respectfully contends the Defendants' motion to modify his conditions of release should be denied.

                                            Respectfully submitted,

                                            Erek L. Barron
                                            United States Attorney

                                                        /ss/
By: _____
                              Christine Goo
                              P. Michael Cunningham
                              Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

By: /s/
P. Michael Cunningham
Assistant United States Attorney