**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | |
| | * | **CRIMINAL NO. 23-123-SAG** |
| **CHARLES AUSTIN JENKINS,** | * | |
| | * | |
| **Defendant.** | * | |
| | ****** | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
APPEAL OF DENIAL OF REQUEST TO AMEND CONDITIONS OF RELEASE**

The United States of America, by and through its undersigned attorneys, hereby submits this opposition to Defendant Charles Jenkins appeal of his denial of request to amend conditions of release, permitting him to possess and carry his departmentally issued.  In support of this opposition, the Government states:

1.      As previously argued, in cases involving individuals charged with felony offenses, who are released pending trial, the Government seeks as a condition of such release, that the defendant be precluded from possessing firearms.

2.      Defendant Jenkins continues to serve as the elected Sheriff of Frederick County, because he is an elected official.  After his initial appearance on April 12, 2023, he announced that he was taking a leave of absence from being Sheriff.[1]  In virtually every other instance of which undersigned counsel are aware, law enforcement officers charged with federal felony offenses are

---

[1] *See* https://www.thebaltimorebanner.com/politics-power/local-government/charges-against-frederick-county-sheriff-would-clearly-disqualify-him-if-proven-executive-says-V537RKSXMFG3FPLNY4VJJJT6AA/#:~:text=Local%20government-,Frederick%20County%20sheriff%20takes%20leave%20of%20absence,not%20guilty%20to%20federal%20charges&text=Frederick%20County%20Sheriff%20Charles%20%E2%80%9CChuck%E2%80%9D%20Jenkins%20announced%20he%20is%20taking,gun%20conspiracy%20charges%20on%20Wednesday

required to surrender duty firearms and are not otherwise permitted to possess firearms while in pretrial release status.  As AUSA Wise argued at Jenkins' initial appearance, when addressing release conditions, this condition was imposed against the former Commissioner of the Baltimore Police in *United States v. Darryl De Sousa,* 18-cr-0276-SAG, Doc 12, and against former Chief of Police of Taneytown in *United States v. William Tyler,* 19-cr-0054-ELH.  Furthermore, there are multiple other instances, in this jurisdiction, in which law enforcement charged with non-violent offenses were not permitted to possess firearms while in pretrial status.  *See e.g.*, *United States v. Robert Hankard*, 20-cr-0017-CCB, *United States v. Ethan Glover*, 21-cr-0089-SAG, *United States v. William Johnson, Jr.*, 21-cr-0427-RDB, *United States v. Keith Gladstone*, 19-cr-0094-CCB.

3.     This policy and practice stems, in part, from the proposition that individuals facing federal felony charges – irrespective of the defendant's likelihood of being convicted – are confronting unusually challenging and stressful circumstances that in some cases impact on individual behaviors relative to others as well as themselves.[2]  Accordingly, it is prudent to eliminate firearms from being readily attainable and available to the defendant, for the safety of the community and the individual.

4.     Most, if not all law enforcement officers, are suspended from their official duties pending the dispositions of their federal felony charge.  In a cursory search, Frederick County Sheriff's deputies were suspended, when facing both misdemeanor and felony offenses:

    a.  A deputy sheriff was charged with second-degree assault and suspended based on an altercation where he claimed self-defense in 2014.  *See*, https://www.cbsnews.com/baltimore/news/frederick-deputy-suspended-after-assault-charge/  This deputy sheriff was ultimately found not guilty in the Circuit          Court          for          Washington          County.

---

[2]  The recent death of federal defendant Roy McGrath, who died during an encounter with law enforcement after he absconded from pretrial release, supports this concern.  Publicly available accounts indicate that McGrath, who was encountered in Tennessee after fleeing from Florida, was in possession of a firearm.

https://www.fredericknewspost.com/places/local/frederick_county/frederick-county-sheriffs-deputy-found-not-guilty-of-assault/article_8f97b878-cae8-11e3-9696-0017a43b2370.html.

    b.   A deputy sheriff was charged with a breaking and entering at a business, and subsequently suspended in 2013. https://www.cbsnews.com/baltimore/news/2nd-frederick-deputy-charged-with-crime-suspended/. He later pled guilty to a petty larceny and resigned from the sheriff's office. https://www.fredericknewspost.com/news/crime_and_justice/deputy-resigns-as-part-of-plea-deal-in-larceny-case/article_2a52d15a-9729-52f1-825c-3e12dd84bd5d.html.

Both of these deputy sheriffs were suspended. One of them pled guilty to a misdemeanor offense and the other was found not guilty. Yet both faced consequences at the Frederick County Sheriff's Office because of the *pending* criminal matters they faced. The head of their organization, Mr. Jenkins as the Sheriff, should not be treated any differently. He should not be treated more harshly because of his position, but he should not be treated with any special treatment because of it either.

    5.   Defendant Jenkins notes that his codefendant's wife, Stephanie Krop, was permitted to retain her weapons in the residence they share. First, this was over the Government's objection to this arrangement, and continuing suspicion about its efficacy. Second, the conditions of Stephanie Krop possessing firearms were restricted in a manner intended to preclude Defendant Krop from accessing those firearms.

    6.   Counsel for Jenkins argues that he continues to work as the lead law enforcement officer, despite claiming in April to take a leave of absence. Jenkins references his long-time practice to be visible on the street, and to interact with the public as often as possible. Furthermore, they said that Jenkins is at greater risk because the public is aware that he is not allowed to be armed. Yet, Jenkins has yet to cite to a specific instance of prior threats nor has he supported his contention that his continued service is at great personal risk. The Sheriff himself is in charge of a large organization that provides law enforcement not only to the general public, but also manages

the Frederick County Detention center and also provides security for the Courts.   As the Sheriff and the elected official, he is in charge of approximately 194 sworn officers and 68 civilians, just on the law enforcement side.   There are 137 uniformed and 30 non-uniformed employees in the Adult Detention Center.[3] If and when emergencies do arise, there are entire groups and squads, who respond to these incidents, whether the Sheriff is present or not. Furthermore, the agency that Jenkins continues to manage, is capable of providing protection to an individual if/when threats arise. For example, in April of 2023, a Frederick County Executive began receiving threats and Jenkins arranged for a protective detail for her.  *See* https://www.wfmd.com/2023/04/07/frederick-county-executive-receives-personal-securty-detail-courtesy-of-frederick-county-sheriffs-office/. Certainly, the same could be arranged for the Sheriff if he experienced threats whether it be on duty, or off duty.  The Sheriff simply does not need to be armed.

7.     Counsel's assessment of the strength of the Government's case should be of relatively little moment to this court's decision.  A Grand Jury found probable cause to charge him with the offenses.  Jenkins signed multiple "law letters" for Krop without having the intent to actually demonstrate said weapons nor actually carrying out that averment, which are at the heart of the charges against him.

---

[3] *See*,  https://www.frederickcosheriff.com/_files/ugd/c175d5_9775fba203254e10882eb474aab96ea6.pdf.

For the foregoing reasons, the Government respectfully contends the Defendants' appeal

of the denial of his request to amend conditions of release should be denied.

Respectfully submitted,

Erek L. Barron
United States Attorney

/ss/

By: _____

Christine Goo
P. Michael Cunningham
Assistant United States Attorney

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

By: _____/s/_____
              Christine Goo
              Assistant United States Attorney