IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Case No. SAG-23-0123 |
| CHARLES AUSTIN JENKINS | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \*

## ORDER

This Court has reviewed the parties' supplemental briefing regarding the issue involving *Bruton v. United States,* 391 U.S. 123 (1968) raised at the motions hearing. ECF 53, 55, 56. After reviewing those filings and considering the parties' arguments, this Court is persuaded that the interests of justice require that both defendants' motions for severance, ECF 18, 20-1, be granted.

The defendants in this case were properly joined in a single indictment because they "are alleged to have participated in the same act or transaction constituting an offense or offenses against the United States." Fed. R. Crim. P. 8(a). Generally, "when defendants are indicted together, they should be tried together." *United States v. Dinkins*, 691 F.3d 358, 368 (4th Cir. 2012) (citing *United States v. Singh*, 518 F.3d 236, 255 (4th Cir. 2008)); *see also United States v. Medford*, 661 F.3d 746, 753 (4th Cir. 2011) ("[T]here is a presumption in favor of joint trials in cases in which defendants have been indicted together."). This presumption is especially strong in conspiracy cases, such as this one. *See, e.g.*, *United States v. Tedder*, 801 F.2d 1437, 1450 (4th Cir. 1986) ("The gravamen of conspiracy is that each conspirator is fully liable for the acts of all coconspirators in furtherance of the conspiracy. Thus, joinder is highly favored in conspiracy cases, over and above the general disposition towards joinder for reasons of efficiency and judicial economy.").

However, Rule 14 calls for severance of defendants if joinder is prejudicial. Defendants seeking severance "must establish that actual prejudice would result from a joint trial." *United States v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995) (quotations and citations omitted). Severance should be granted when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Shealey*, 641 F.3d 627, 632 (4th Cir. 2011) (quoting *Zafiro v. United States*, 506 U.S. 534, 539 (1993)). To obtain severance, a defendant must show

that joinder will impair his constitutional right to a fair trial. *United States v. Campbell*, 963 F.3d 309, 318–19 (4th Cir. 2020)

In this case, Mr. Jenkins made a voluntary statement to law enforcement and the Government intends to introduce that statement at his trial. In the course of his statement, Mr. Jenkins clearly implicates Mr. Krop in what the Government alleges to be criminal activity. *Bruton* requires severance where a "confession of a non-testifying codefendant clearly implicates a defendant." *United States v. Akinkoye,* 185 F.3d 192, 197 (4th Cir. 1999). Otherwise, the defendant is deprived of his constitutional right to confront the witnesses against him.

While the Government proposes redaction of the transcript to try to rectify the evident *Bruton* issue, this is not a case in which redaction is feasible. The two parties involved in the law letters are obvious from the letters themselves. Referring to Mr. Krop as "another person" would do nothing to shield his identity as the person inculpated by Mr. Jenkins's interview. *See Gray v. Maryland*, 523 U.S. 185, 192–96 (1998) (applying *Bruton* to "statements, that despite redaction, obviously refer directly" to the non-confessing defendant). Accordingly, a joint trial would infringe Mr. Krop's constitutional right to confront Mr. Jenkins. This Court will sever the defendants for trial and will try each defendant separately.

Both defendants presently have other motions pending, some of which are not fully briefed. Once those motions are ripe for disposition, this Court will schedule motions hearings to address the issues if necessary and otherwise will set trial dates for each defendant.

| | |
|---|---|
| <u>August 30, 2023</u> | <u>         /s/                              </u> |
| Date | Stephanie A. Gallagher |
| | United States District Judge |