IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Crim. Case No.: SAG-23-123 |
| | * | |
| ROBERT KROP, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**ORDER**

On October 19, 2023, this Court held a hearing on two pending motions filed by Defendant Charles Austin Jenkins: a motion to dismiss, ECF 31, and a motion for grand jury minutes and witness testimony, ECF 62. At the conclusion of the hearing, this Court partially ruled that it did not see a basis for dismissing the indictment or for invading the province of the grand jury as to the majority of the indictment. ECF 94 at 51. The Court expressed concern, however, about two portions of the pending indictment: Count Five and paragraph 12e of the conspiracy count in Count One. *Id.* at 51–52. Following the hearing, in lieu of providing the supplemental argument regarding vagueness of those provisions requested by this Court, the Government filed a motion to dismiss Count Five and paragraph 12e of Count One.[1] ECF 92. That motion is unopposed and is GRANTED. However, in a supplemental filing, Jenkins again urges this Court to dismiss the entirety of the indictment or to review or order the production of grand jury information.[2] ECF 93.

---

[1] In a lengthy series of emails, the Government initially proposed presenting a superseding indictment, eliminating Count Five and paragraph 12e, to a new grand jury. Defendants objected to that proposal, ECF 91, leading to the Government's filing its motion to dismiss.

[2] Defendant Krop, whose case has been severed and who is not a party to the instant motions, filed a "Reply in Support of Motions for Grand Jury Minutes," ECF 78, and a "Response to the Government's Motion to Dismiss and Adoption of Defendants' [sic] Supplemental Memorandum," ECF 95. These briefings incorporate arguments made by Jenkins and improperly interpose new arguments that cannot be raised in this fashion and will not be considered.

After reviewing the new filings, this Court adheres to its previous rulings. While the parties dispute whether the Government will be able to prove the required elements of the statutes, including intent and materiality, this Court does not find the statutes to be vague, either facially or as applied to Jenkins, particularly given his background in law enforcement and his experience with Federal Firearms Licenses. And this Court does not find that Jenkins has met the high bar required for this Court to find evidence of impropriety and to invade the province of the grand jury, either by *in camera* review or ordering production of grand jury materials. For these reasons and the reasons stated on the record at the motions hearing, it is this 6th day of December, 2023, ORDERED that:

(1) The Government's Motion to Dismiss, ECF 92, is GRANTED as unopposed and the Government is ordered to file an updated version of the indictment eliminating Count Five and paragraph 12e of Count One;

(2) Jenkins's Motion to Dismiss, ECF 31, is DENIED;

(3) Jenkins's Motion for Grand Jury Minutes and Witness Testimony, ECF 62, is DENIED;

(4) Counsel are ordered to confer to discuss the length and possible timing for trial. Chambers will issue a separate order scheduling a teleconference to set a trial date.

                                                                                    /s/
                                               Stephanie A. Gallagher
                                               United States District Judge