IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | : | CR No. 1:23-cr-00123-SAG |
| --- | --- | --- |
| v. | : | |
| ROBERT KROP, | : | |
|     Defendant. | : | |

: : : : : : : : : : : : :

**DEFENDANT KROPS' RESPONSE IN OPPOSITION TO
GOVERNMENT'S 'REVISED' INDICTMENT FILED 12/21/2023**

TO THE HONORABLE U.S. DISTRICT JUDGE STEPHANIE GALLAGHER:

Defendant Robert Krop, by and through his attorneys Daniel L. Cox, The Cox Law Center, LLC, hereby responds in opposition to the government's redacted rescanned version it claims is a "Revised Indictment" filed on December 21, 2023 (ECF 98). The government has once again committed misconduct against Mr. Krop, violating his Fifth and Sixth Amendment rights in failing to follow mandatory procedures for revision, expanding opportunity for a false conspiracy conviction under Count I, evading scrutiny by the Grand Jury and thus arrogating to itself power outside the scrutiny of the jury of peers, and has no legal basis for its indictment of Mr. Krop as he is statutorily immune from being tried on this matter. Mr. Krop therefore incorporates herein his Motion to Dismiss and Omnibus Motion (ECF 20, 29), Defendant Charles Jenkins' Motion to Dismiss (ECF 31), his Motion for Leave to File Second Motion to Dismiss and Exhibit One - the Second Motion to Dismiss All Charges (ECF 65), and Replies to responses thereto (ECF 25, 82), and states as follows in support thereof:

    **A. THE REDACTED "REVISED INDICTMENT" IS UNLAWFUL AND DIVESTS THIS COURT OF JURISDICTION OVER MR. KROP.**

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . .". U.S.

Const. amend V. The government's filing they title "revised indictment" (ECF 98-1) has never been presented to a Grand Jury. It fails the constitutional test of notice as the "indictment" does not adequately inform Mr. Krop of the charges against him, and it furthermore outrageously prejudices his defense by making it wrongfully appear that he had no lawful Class III license allowing possession of the machine guns when in fact he does so possess just such a license.

The Fourth Circuit has held that such actions as now being taken by the prosecution are proscribed by the Fifth and Sixth Amendments.

> "Indictments and informations have identical purposes, serving to initiate formal criminal charges which an accused must eventually face. *Bartlett v. United States*, 354 F.2d 745, 74 (8th Cir.), cert. denied, 384 U.S. 945 (1966). Both are required to be clear, concise written statements, signed by the prosecuting attorney, which recite the essential facts constituting the charged offense. Fed. R. Crim. P. Rule 7(c)(1). However, "[a]n indictment is an action of the grand jury" and is not subject to change by either the court or prosecution, except to correct formalistic errors. 9 C. Wright, Vol. 1 Federal Practice and Procedure, Criminal, § 127, at 415-16; see also *Wylie*, 919 F.2d at 973 ("[T]he government is proscribed by the sixth amendment from altering indictments on its own volition."). This prohibition against amendments is based on the idea that, if a grand jury is allowed to draft an indictment, it must also be the entity to change it. **The rule is important to assure, where a right to a grand jury is guaranteed, "that a group of citizens independent of prosecutors or law enforcement officials have reviewed the allegations and determined that the case is worthy of being presented to a jury for a determination**." *United States v. Beeler*, 587 F.2d 340, 342 (6th Cir. 1978) (citing *United States v. Radetsky*, 535 F.2d 556, 562 (10th Cir. 1976)).

*U.S. v. Wright*, 985 F.2d 554 (4th Cir. 1992).

The Supreme Court of the United States has held this is a rule of protection in America:

> "To allow the prosecutor, or the court, to make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment **would deprive the defendant of the basic protection which the guaranty of the intervention of a grand jury was designed to prevent**." *Russell v. United States*, 369 U.S. 749, 770 (1962)(bold emphasis added).

*Id.*

The Supreme Court had previously explained in *Stirone v. United States*, 361 U.S. 212, 215-17 (1960) that "Ever since *Ex parte Bain*, 121 U.S. 1. was decided in 1887 it has been the rule

that after an indictment has been returned its charges may not be broadened through amendment except by the grand jury itself. **In that case, the court ordered that some specific and relevant allegations the grand jury had charged be stricken from the indictment so that Bain might be convicted without proof of those particular allegations**." (bold emphasis added). In holding that this was prohibited under our Constitutional system, Mr. Justice Miller, writing for the Court, said:

> "If it lies within the province of a court to change the charging part of an indictment to suit its own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes, the great importance which the common law attaches to an indictment by a grand jury, as a prerequisite to a prisoner's trial for a crime, and without which the Constitution says `no person shall be held to answer,' may be frittered away until its value is almost destroyed."

*Ex parte Bain* at 10.

The Court then held in *Bain:*

> "that after the indictment was changed it was no longer the indictment of the grand jury who presented it. Any other doctrine would place **the rights of the citizen, which were intended to be protected by the constitutional provision, at the mercy or control of the court or prosecuting attorney** . . . ."

*Id.* at 13 (bold emphasis added).

Here, although Mr. Krop has carefully and clearly delineated for the Court and the government the illegality of the charges against him, joined in the same by Sheriff Jenkins' esteemed counsel, instead of doing the right thing and dismissing all the charges as they must, the prosecution has continued its misconduct by violating the Fifth and Sixth Amendment rights of Mr. Krop.

It is also "reversible error per se to amend an indictment without resubmission to the grand jury, if it is possible that the accused will be tried and convicted of a crime other than that alleged in the indictment." *United States v. Ramirez,* 670 F.2d 27, 28-29 (5th Cir. 1982); *see Stirone v. United States,* 361 U.S. 212, 217-18, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960). *U.S. v. Wylie*, 919

3

F.2d 969, 973 (5th Cir. 1990). Here, the so-called "revised indictment" expands the Conspiracy charge by eliminating a key element of proof that the government cannot convict either defendant upon, that being unlawful possession of machine guns.

While Mr. Krop appreciates the fact that the government has now admitted it has such a weak case it has filed its own motion to dismiss and has filed a letter with the Court indicating it may not even bring to trial co-defendant Jenkins because its case is "weaker" against him allegedly, the averments by the government smack of a possible agreement not to prosecute, while Mr. Krop's statutory protection and due process are being outrageously violated. The government now seeks to target Mr. Krop to cover its own prosecutorial misconduct in this matter pointed out by counsel for codefendant and the undersigned.

Mr. Krop, as a Class III FFL/SOT holder, is exempt from prosecution under his license for unlawful possession of a machine gun and thus this Court has no jurisdiction to order him to stand trial for unlawful possession of a machine gun. Furthermore, the actions of the government to circumvent the Constitution and attempt to avoid scrutiny for its misconduct before a Grand Jury of the peers of Mr. Krop as alleged by counsel for both co-defendants herein is an outrageous prejudice to Mr. Krop, whom the government now seeks to make their "fall guy" to cover up the inappropriate and mistaken prosecution by prosecuting him first while publicly stating a possible intent not to try the so-called principal co-conspirator, Sheriff Jenkins because their case is "weak." (AUSA Goo, Correspondence, ECF 99).

Defendant Krop incorporates herein each and every one of his arguments both on motion and in response briefs, heretofore presented to this Court, and asks the Court to deny the filing of the redacted, Revised Indictment with prejudice, and order the charges against Mr. Krop dismissed.

**B. THE REDACTED "REVISED INDICTMENT" IS UNLAWFUL AND DEMONSTRATES FURTHER PROSECUTORIAL MISCONDUCT AGAINST MR. KROP.**

Under this Court's order dated December 8, 2023, Count I, paragraph 12e, and Count V are dismissed.

As stated *supra*, the "revised indictment," (ECF 98-1) does not comport with this Court's order to file a valid, lawful revised indictment removing paragraph 12(e) of Count I and Count V. It is nothing more than a unsigned, unsworn redaction by someone of paragraph 12e in Count I ("to knowingly and unlawfully possess machineguns, in violation of Title 18, United States Code, Section 922(o)") and Count V (which involved law enforcement equipment upgrades) of what appears to be rescanned from the original, faulty indictment. It appears more to be designed to prevent a winning appeal by the Sheriff who would claim immunity from prosecution for wrongful possession of machine guns, rather than justice for both innocent defendants who are each immune and exempt under the statute from this frivolous and misguided prosecution.

Now that the government has admitted there is no conspiracy to possess machine guns unlawfully in its motion to dismiss, and now that the Court has dismissed such language, it is objectionable that any part of the indictment is permitted to stand since the entire purpose for the alleged conspiracy was unlawful possession of machine guns according to the government in Count I, paragraph 13. The new, proposed indictment is without any basis in law.

First, it is unsigned in violation of the law requiring a signature by the Grand Jury foreman (on an actual vote by the Grand Jury) and by the prosecutor – the scanned document is not a revision, it is merely a redacted copy of the original. F.R.C.P. 6(c), 7(c)(1). By not requiring any signatures on this indictment the government is attempting to bypass both the Rules and ethics requirements, at a minimum. Scrutiny by the Grand Jury would permit it to reconsider whether to

sign a new indictment *at all* upon a vote, as the law provides, because they would have to be informed by the prosecution as to the "weakness" of this case. Once so informed the foreman would have to contemplate whether they wish to affix their signature to a "weak" indictment in violation of the laws and Constitution of the United States.

Second, the document itself is date-stamped April 5, 2023 at 12:14pm. This is not truthful and is a false-date-stamp, again, obscuring the record.

Third, substantively, the indictment cannot stand because removal of paragraph 12e (possession) under Conspiracy was intended to benefit the Sheriff but Count I also includes Mr. Krop. As stated *supra*, that there was no conspiracy to illegally possess **any** firearms is now admitted by the government while it continues to falsely accuse Mr. Krop of illegal possession and falsely accuses both defendants of intent to make "money" on rentals. <u>This is a known falsity admitted by the government</u>, as there is no conspiracy to make money on illegal possession for rentals or otherwise, yet the false allegations of unlawful possession are still in the indictment the government "revised." Paragraph 13 of Count I says that the purpose of the "conspiracy" was to "obtain by fraud and to rent those machine guns to private citizens in exchange for money." However, now that the government dismissed 12e – possession, paragraph 13 cannot stand either because there would be no purpose for any conspiracy, as it states the alleged purpose was obtaining (possession) and rentals. There was and could be no conspiracy for this allegation. This is not a question of fact; it is a material element of the so-called charges.

**C. ROBERT KROP IS IMMUNE FROM PROSECUTION AS CHARGED.**

As a Class III licensed machine gun dealer, Mr. Krop is an innocent man exempt from prosecution for unlawful transfer and possession under 22 U.S.C. 2778 and 27 cfr 479.105(c), 18

U.S.C. 371, 18 U.S.C. 922(a)(6), 18 U.S.C. 2, 18 U.S.C. 924(a)(1)(a), 18 U.S.C. 1001 and 18 U.S.C. 921(a)(24), 18 U.S.C. 922(o), 26 U.S.C. 5845(b).

The government admits that Mr. Krop is an exempt Class III federal firearms license holder ("Revised Indictment," ¶ 7, ECF 98). He is completely exempt from prosecution under the charged statutes for transfer and possession of machineguns as the sole purpose of his high-level license is to transfer and possess machine guns. He is furthermore immune from any "false records" charges as he complied with every ATF recordkeeping requirement and the "law letters" charged as false are neither false nor are they his own. He is not charged with any substantive crimes, but instead the government seeks to prosecute him on obscure and vague legal violation "theories" that even its own changing statements in the case belie.

The government knows that Mr. Krop is licensed to not only possess post-1986 machineguns, he may manufacture them, import, export, trade, deal, sale, demonstration and display them as well. 27 CFR § 479.105(c); 22 U.S.C. § 2778. There can be no conspiracy to defraud the United States as a matter of law. Mr. Krop has paid his ATF license and stamp fees; he has indisputably complied with every detail the ATF mandates under his licensure. Contrary to any "guilt or innocence fact-finding," this Court has no legal jurisdiction to try this case or allow it to proceed to a trial as a matter of law. The federal statutes under which Mr. Krop has been charged guarantee him a right *not* to be charged with any crime so long as he is in compliance with the ATF licensure and regulations, which he is.

Contrary to the now outdated summer brief of withdrawn government counsel, the Seventh Circuit case they cite does not support any prosecution of Mr. Krop as that case involved chopping up and trafficking machineguns and laser sight devices *without any exemption or authority under law.* ECF 22 p.14. Here, Mr. Krop is expressly permitted to possess and provide machine gun

sales samples for demonstrating to law enforcement – as he does at this very moment. The government's misguided lies that his charging of a rental fee to cover the costs of such demonstrations is expressly permitted under federal law. Mr. Krop has simply not done anything wrong and the government knows this.

The federal conspiracy statute, 18 U.S.C. § 371 under which the government charges Sheriff Jenkins and Mr. Krop requires that violating a federal law be the alleged illegal goal by the alleged conspirators. That has not occurred here whatsoever, and the government admits the same. *United States v. Arch Trading Co.*, 987 F.2d 1087, 1091 (4th Cir. 1993). It further requires some kind of agreement for financial benefit or monetary payment, and transfer of that money between the charged defendants, demonstrating a conspiracy. Id.; *Ciminelli v. United States*, 598 U.S.____ (2023)(quid pro quo required by evidence of money payment or similar financial purpose). That has also not occurred here whatsoever.

Indeed, the government admitted in open court to not having "any evidence" and just recently tried to walk that back on October 19, 2023 stating "If I said that, I misspoke at the last hearing that we have no evidence. I [now] believe we do." Yet, instead of coming clean with the misrepresentation, the government continues to refuse to even respond to *what* law was violated, more less provide clarity before this Court as requested. Instead, in a desperate attempt to cover over misconduct towards Mr. Krop, the prosecution writes up its own proposed "revised indictment" in a per se violation of the law of the land, and of Mr. Krop's Fifth and Sixth Amendment rights.

Furthermore, in addition to the government failing to identify a single law violated, it has failed entirely to show in any count any intent by Defendant Krop to do anything wrong at all. "We start with the familiar proposition that "[t]he existence of a mens rea **is the rule of**, rather

than the exception to, the principles of Anglo-American criminal jurisprudence." *Dennis v. United States*, 341 U. S. 494, 500 (1951). See also *United States v. Freed*, 401 U. S. 601, 613 (1971) (BRENNAN, J., concurring in judgment); *United States v. Balint*, 258 U. S. 250, 251-253 (1922)." *United States v. United States Gypsum Co.*, 438 U.S. 422, 436 (1978)(emphasis added). The Court went on to say:

> "…this doctrine by English common law in the Eighteenth Century was indicated by Blackstone's sweeping statement that, to constitute any crime, there must first be a 'vicious will.'" (Footnotes omitted.) Although Blackstone's requisite "vicious will" has been replaced by … less colorful characterizations of the mental state required to support criminality, see ALI, Model Penal Code § 2.02 (Prop.Off.Draft 1962), intent generally remains an indispensable element of a criminal offense."

*Id.* at 422, 437 (1978).

Defendant Krop has complied with every law falsely charged against him as being violated, and with every ATF regulation, in every way – and the government does not deny this. Instead, the government has attempted to argue that a conspiracy exists to unlawfully obtain and possess machineguns via the Sheriff's five law letters. Yet, now they dismiss unlawful possession of machine guns by the Sheriff under Count I, prejudicing Mr. Krop by making it easier under Count I to prove Conspiracy against Mr. Krop because the Count now contains no purpose for the conspiracy. All while falsely claiming under Count I the purpose of the "conspiracy" was unlawful possession (proposed "Revised Indict.", Count I, paragraph 13). Instead of providing evidence, the government argued in court that just because the Sheriff allegedly witnessed a "demonstration" with another local FFL, Ray Casteline, and that according to the Sheriff he did not do the same at Defendant Krop's FFL location in-person at TMGN, that this somehow shows illegal intent *on Mr. Krop's part*. The government once again misrepresents law.

Mr. Krop acknowledges that the government admitted before this Court that its changed policy under the ATF's latest "open letter," which is not law, to FFLs dated January 11, 2023 –

**this year, *ex post facto*** – *now* requires law enforcement and military to be "potential purchasers" of the machineguns. Mr. Krop could not have intended, as a matter of law, to violating a non-law ATF policy dated after the allegations in the Indictment.

As a matter of law, he could not have had any illegal *mens rea* to violate any of the charged violations of law because the government itself does not even know what it has charged as a violation nor does he. His right of due process and notice are completely violated. At no place does the government cite evidence of any conspiracy, false statement by Krop, or illegal possession of a firearm. Instead, it falsely claims political conspiracy *theories* and a false statement of a Sheriff's intent to demonstrate firearms – something not able as a matter of law to apply to Defendant Krop nor shown by any evidence.

This fake and vindictive "indictment" against Mr. Krop must be immediately dismissed in its entirety as a matter of law for lack of jurisdiction for statutory immunity and for sanction of the illegality of bringing a false indictment that improperly prejudices Mr. Krop.

D. **ROBERT KROP WAS DENIED THE DUE PROCESS OF SUBSTANTIVE PLEADINGS AND ARGUMENTS PRIOR TO THE GRANT OF THE INDICTMENT DISMISSAL APPLYING DIRECTLY TO HIM, ONLY TO HAVE THE GOVERNMENT NOW FALSELY CLAIM HE WAS A CONSPIRATOR, SEVERELY PREJUDICING HIS RIGHT TO A FAIR TRIAL.**

Mr. Krop incorporates as if fully set forth herein the aforesaid previous pleadings and asserts that his Constitutional rights of due process under the Fifth, Sixth and Fourteenth amendments have been violated by the government. The government has and continues to, bumble its way through a prosecution that it knows is unfounded and without any justification rather than do the right thing and dismiss the indictment entirely.

The Court prevented Mr. Krop from earlier arguing these points, and expressly denied itself from reviewing Mr. Krop's pleadings on this matter, even though the matter and hearing involved

whether to dismiss all charges against both defendants. ECF 96. The government knows that Mr. Krop is licensed to not only possess post-1986 machineguns, he may manufacture them, import, export, trade, deal, sale, demonstrate and display them as well. 27 CFR § 479.105(c); 22 U.S.C. § 2778.

### E. MR. KROP COULD NOT HAVE CONSPIRED TO UNLAWFULLY POSSESS THE FIREARMS; COUNTS TWO THROUGH SIX MUST ALSO BE DISMISSED.

Count Six charges only Defendant Krop with "unlawful possession" of machineguns obtained via the five "law letters from the Sheriff. It also cites as a basis the "conspiracy" charged under Count One, 18 USC § 922(o). The government and this Court dismissed paragraph 12.e of Count One (unlawful possession) and Count Five because the language presented to the Grand Jury was false. There was no conspiracy for anyone to "knowingly and unlawfully possess machineguns" in violation of 18 USC § 922(o) (Count One, 12.e). Furthermore, there was no "false statement" under Count Five by either defendant (18 USC § 1001). By definition, there could be no false statements or false records (Counts Two, Three, Four).

This motion to accept a per se illegal "Revised Indictment" by the government demonstrates a necessity to dismiss the entire Indictment. Since there was no conspiracy to unlawfully possess machineguns by either party as the government now finally admits, all counts must be dismissed including Count Six because there could now not possibly be – by the government's own admission – any illegal conspiracy or purpose to thwart any governmental purpose. *Hammerschmidt v. United States*, 265 U.S. 182 (1924); 18 U.S.C. § 371. Thus, there was no unlawful possession and could not be as a matter of law. There were no false statements to the ATF nor false records. The entire Indictment is a house of cards.

Count One is the basis for every other count in the Indictment, as also seen by the extensive and improperly presented "argument" there. Paragraph 12.e in Count One is necessary to hold the

11

Count together since if there was no unlawful intent to possess machineguns, as is true, then there could not be any unlawful intent to do anything wrong as the sole accusation of the government is that the law letters were for obtaining unlawful possession. Mr. Krop is an innocent man.

**F. IT WOULD BE A MANIFEST INJUSTICE TO TRY MR. KROP BEFORE THE ALLEGED PRINCIPAL SHERIFF JENKINS.**

The undersigned counsel opposed and continues to vigorously oppose and request reversal of this Court's decision to set in the trial of Mr. Krop before the alleged principal, Sheriff Jenkins. The prosecution continues to commit misconduct in violating per se the Grand Jury mandates because of its egregious and substantive "weakness" and falsities pointed out by counsel in this case, all while planning, with Jenkins' counsel's consent, to flipping the fake conspiracy charge against Mr. Krop by trying him first, since they have no evidence or jurisdiction to try and convict either the principal or Mr. Krop of the same. If Mr. Jenkins is innocent of a conspiracy, which he is, then Mr. Krop is as well. The government (ECF 99) claims the reverse, which is gross error in logic. As Mr. Krop has argued before this Court (ECF 29, paragraph 125, pg. 105) it would be absurd to have a trial on conspiracy of Mr. Krop before the Sheriff because the false accusations in the indictment of the Sheriff signing "fraudulent" law letters is the gravamen of the case – there is no case for conspiracy to defraud the United States against Mr. Krop when the government, as it now does, admits that its sole evidence of fraud is so weak it may not try the Sheriff *at all*. This logical fallacy was highlighted years ago by the eminent English jurist William Blackstone:

> Blackstone, in his Commentaries on the Law of England (1st Ed.) published in 1769, says in Book IV, Ch. XXV, p. 323: 'By the old common law the accessary could not be arraigned till the principal was attainted, unless he chose it: for he might waive the benefit of the law; …for non constitit whether any felony was committed or no,…**it might so happen that the accessary should be convicted one day and the principal acquitted the next, which would be absurd**. <u>However, this absurdity could only happen where it was possible that a trial of the principal might be had subsequent to that of the accessary;</u> **and therefore the law still continues that the accessary shall not be tried so long as the principal remains liable to be tried hereafter**.

*State v. Magliano*, 255 A.2d 470, 7 Md.App. 286 (Md. App. 1969)(abrogated)(emphasis added).

Although this Court is not bound by these principals, and federal law *permits* otherwise generally, the manifest injustice against Mr. Krop that such an action would have is not permissible and this Court must reject the same and ensure that the case is dismissed now that the government has admitted it may do so to the principal's weak case. The entire indictment hinges falsely upon the accusation that the "law letters" were "fraudulent," which they were not. On information and belief, each and every one of those were all signed by the Sheriff – not by Mr. Krop. The Court must void the injustice and absurdity of what the government intends to do to Mr. Krop.

### G. CONCLUSION.

WHEREFORE, for the foregoing reasons and additional arguments to be supplemented in any oral argument should this Court grant the same, Defendant Mr. Krop respectfully requests this Court to deny the government a false and fake docketing of its illegal "revised indictment" and to dismiss the Indictment and this vindictive case with prejudice.

Respectfully submitted,

THE COX LAW CENTER, LLC

By:___/s/ Daniel L. Cox_____
Daniel L. Cox, Fed Bar No. 28245
P.O. Box 545
Emmitsburg, MD 21727
410-254-7000
E-mail: dcox@coxlawcenter.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of January, 2024, a copy of the foregoing was filed via ECF with copies being sent to all parties of record thereby.

___/s/_____
Daniel L. Cox