IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | **Crim. Case No.: SAG-23-123** |
| | * | |
| ROBERT KROP, *et al.,* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ORDER

This Court has reviewed the Government's Motion for Docketing Revised Indictment, ECF 98, the attached proposed revision, ECF 98-1, and Defendant Robert Krop's Response in Opposition, ECF 104. Defendant Charles Austin Jenkins does not oppose the revised indictment.

The revised indictment consists of an exact copy of the original indictment signed by the Grand Jury foreperson on April 5, 2023 and docketed at ECF 1. The only two changes in the "revised" version are the redactions, by means of standard blackout redacting, of two portions of the indictment: Count Five and Paragraph 12(e) of Count One. ECF 98-1. No language has been added to the revised indictment. The purpose of the revised indictment is simply to eliminate (1) one substantive count, and (2) one paragraph setting forth one of the five objects of the conspiracy that were originally charged.

This Court has considered Mr. Krop's opposition to the revised indictment and deems it meritless. The main case cited by Mr. Krop relates to an instance in which the Government sought to broaden or expand charges without again presenting the indictment to the grand jury. *See Stirone v. United States,* 361 U.S. 212, 217–19 (1960). Mr. Krop is correct, of course, in recounting the general rule that an indictment may not be altered or amended other than by the grand jury. *See Ex Parte Bain*, 121 U.S. 1, 9–10 (1887), *overruled on other grounds by United States v. Cotton*, 535

U.S. 625, 629–31 (2002). But there has been a longstanding exception to that rule in circumstances where the Government seeks only to withdraw factual allegations or charges from the jury's consideration, "so long as nothing is thereby added to the indictment, the remaining allegations still charge the same offense as the original indictment, and the defendant cannot show that the inclusion of the deleted language in the original indictment somehow prejudiced him in the preparation of his defense." *United States v. Jones,* 14 F.3d 597, 1993 WL 533186, at *2 (4th Cir. 1993) (citing *Salinger v. United States,* 272 U.S. 542, 548 (1926); *Ford v. United States,* 273 U.S. 593, 602 (1927)).

The proposed revisions in this case simply eliminate facts and allegations from the jury's consideration. The indictment still charges a conspiracy to interfere with government functions and to violate federal law regulating machineguns in Count One, with four remaining objects of the originally charged conspiracy. And the substantive charges in Counts Two, Three, Four, and Six remain unchanged in any respect. In this instance, the Government's decision not to pursue some of the charges the grand jury indicted benefits the defendants and creates no constitutional issue. There is simply no possibility that either accused will be tried or convicted of a crime other than those alleged by the grand jury in its indictment, because the original language remains intact.[1]

---

[1] The remainder of Mr. Krop's "opposition" consists of arguments seeking to re-litigate issues that have already been decided by this Court.

For these reasons, it is this 20th day of February, 2024, ORDERED that:

(1)     The Government's Motion for Docketing Revised Indictment, ECF 98, is GRANTED;

(2)     The Government need not renew its speedy trial motion at this point, because another pretrial motion is currently pending;

(3)     The Clerk is directed to docket the Revised Indictment, attached as ECF 98-1, as the operative indictment in this case.


                                                             _____/s/_____

                                                Stephanie A. Gallagher
                                                United States District Judge