CG/LW: 2021R00562

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. SAG 23cr123 |
| | * | |
| v. | * | (Conspiracy, 18 U.S.C. § 371; False Statement During Purchase of a Firearm, 18 U.S.C. §§ 922(a)(6) and 924(a)(2); False Statements in Records Maintained by Federal Firearms Licensee, 18 U.S.C. § 924(a)(1)(A); False Statement to a Government Agency, 18 U.S.C. § 1001; Unlawful Possession of a Machinegun, 18 U.S.C. § 922(o); Aiding & Abetting, 18 U.S.C. § 2; and Forfeiture, 18 U.S.C. § 924(d), 26 U.S.C. § 5872, 21 U.S.C. § 853(p), 28 U.S.C. § 2461(c)) |
| CHARLES AUSTIN JENKINS, | * | |
| | * | |
| and | * | |
| | * | |
| ROBERT JUSTIN KROP, | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |
| | * | |
| | ******* | |

### INDICTMENT

The Grand Jury for the District of Maryland charges that at all times relevant to this Indictment.

### COUNT ONE
(Conspiracy to Interfere with Government Functions and to Violate Federal Law Regulating Machineguns)

### Relevant Individuals and Entities

1. Defendant Charles Austin Jenkins ("**JENKINS**") was a sworn law enforcement officer of the Frederick County (Maryland) Sheriff's Office. He was elected sheriff of the Frederick County Sheriff's Office in 2006 and was subsequently reelected, most recently in 2022. As Sheriff, he was the Frederick County Sheriff's Office chief law enforcement officer.

2. Frederick County, Maryland, was a county located in the northern part of the State of Maryland with a population of between approximately 233,000 and 271,000 residents.

3.     The Frederick County Sheriff's Office was the primary law enforcement agency for all unincorporated areas of Frederick County, Maryland, and provided support to municipal law enforcement agencies within Frederick County and to other public agencies including courts and detention centers. In 2021, the Frederick County Sheriff's Office employed approximately 194 sworn law enforcement officers.

4.     Defendant Robert Justin Krop ("**KROP**"), was a resident of Frederick County, Maryland, and the principal owner and operator of firearms-related businesses, namely "RK86 LLC" and "TMGN LLC," both doing business as "The Machine Gun Nest" (TMGN), and both of which were based in Frederick County, Maryland, in the District of Maryland. **KROP** and his businesses together held up to two (2) Federal Firearms Licenses ("FFL") with Special Occupational Tax ("SOT") (collectively referred to as an "FFL/SOT"), that allowed **KROP** and TMGN, under certain circumstances, to possess and deal in fully automatic firearms (hereafter "machineguns") regulated by the National Firearms Act, Title 26, United States Code, Section 5801, *et seq.*, and the Gun Control Act, Title 18, United States Code, Section 921, *et seq.*

5.     Fabrique Nationale Herstal, S.A. ("FN") was a firearms manufacturer based in Belgium that produced, among other things, machineguns. FN's U.S.-based subsidiary, FN America, LLC, facilitated its sales to U.S. customers.

### Federal Regulation of Machineguns

6.     Federal law generally prohibits the possession, transfer, and importation of machineguns[1] that were imported or manufactured after May 19, 1986, except by bona fide government agencies. The Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") was an agency within the Executive Branch of the U.S. government that, among other things, administered and enforced federal law concerning machineguns. Any domestic purchase, sale, or

---

[1] Any and all further reference to machineguns through this document refer to a machinegun that has been manufactured in or imported to the United States after May 19, 1986.

transfer of a machinegun must first be approved by ATF's National Firearms Act Division ("NFA Division"). Any permanent importation of a machinegun must first be approved by ATF's Firearms and Explosives Imports Branch ("Imports Branch").

7. There is an exemption to the general machinegun prohibition that allows a properly licensed and qualified FFL/SOT to possess, transfer and/or import a machinegun for use as a sample for demonstration to potential law enforcement or military purchasers. Pursuant to ATF regulations, the exception requires the law enforcement agency who is requesting a demonstration of the machinegun to submit a "law letter" to the ATF. A "law letter" is an industry term that refers to a letter drafted and signed by a law enforcement official expressing a need for a particular model of machinegun or interest in seeing a demonstration of that model of machinegun for potential future purchase by the law enforcement agency for use in their official duties. The dealer sales sample exemption requires the dealer to have a law letter, prior to purchase of the machinegun, to be submitted with the requisite ATF Form.

8. To import a machinegun manufactured outside the United States as a dealer sales sample for use in a demonstration to a law enforcement agency, an FFL/SOT must provide Imports Branch with an application on an ATF Form 6 and a law letter which is submitted with the application. Except for narrow exceptions, Imports Branch and NFA Division would not approve an importation or transfer of a machinegun for or to an FFL/SOT without a law letter.

9. To acquire a machinegun manufactured or imported into the United States after May 19, 1986 as a dealer sales sample for use in a demonstration to a law enforcement agency, an FFL/SOT must provide the NFA Division with an application on an ATF Form 3 and a law letter which is submitted with the application. Except for narrow exceptions, the NFA Division would not approve the transfer of a machinegun for or to an FFL/SOT without a law letter.

10. To acquire a machinegun as a dealer sales sample from a government entity for use in a demonstration to a law enforcement agency, an FFL/SOT must cause the submission to the

NFA Division of an application on an ATF Form 5 and a law letter which is submitted with the application. Except for narrow exceptions, the NFA Division would not approve the transfer of a machinegun for or to an FFL/SOT without a law letter.

11. Federal law required FFL/SOTs who purchased, sold, transferred, imported, or possessed machineguns to keep and maintain records related to their acquisition and disposition of machine guns.

## The Conspiracy

12. Beginning in or before August 2015 and continuing through May 2022, in the District of Maryland and elsewhere, the defendants,

**CHARLES AUSTIN JENKINS**
and
**ROBERT JUSTIN KROP,**

did knowingly and willfully combine, conspire, confederate, and agree to do the following:

    a. to defraud the United States, namely the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), an agency of the United States, by interfering with and obstructing the lawful government functions of the ATF to limit the purchase, sale, transfer, and importation of machineguns for purchase by or demonstration for military and law enforcement agencies only through the creation of false law letters on Frederick County Sheriff's Office letterhead from **JENKINS** to **KROP** and the submission of those letters to the ATF with an application and permit for the importation of machineguns, on ATF Form 6, and with applications to acquire machineguns in the United States, on ATF Forms 3 and 5, in violation of Title 18, United States Code, Section 371; and

    b. to knowingly make false and fictitious written statements to a licensed dealer, importer and manufacturer, within the meaning of Chapter 44, Title 18, United States Code, which statements were intended and likely to deceive the licensed

4

dealer, importer and manufacturer, as to a fact material to the lawfulness of the sale and acquisition of machineguns under chapter 44 of Title 18, to wit: the defendants submitted and caused to be submitted law letters on Frederick County Sheriff's Office letterhead from **JENKINS** to **KROP** to licensed dealers, importers and manufacturers that contained false representations that the machineguns identified in the law letters were dealer sales samples for law enforcement demonstration purposes, in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2);

c. to knowingly and willfully make and cause to be made false statements and representations with respect to information under Chapter 44 of Title 18 of the United States Code, required to be kept in the records of individuals licensed under Chapter 44, relating to the acquisition of firearms, to wit: false law letters on Frederick County Sheriff's Office letterhead from **JENKINS** to **KROP**, that contained false representations that the machineguns identified in the law letters were dealer sales samples for law enforcement demonstration purposes, which caused FN to make representations in block 10 of ATF Form 6, an application and permit for importation of firearms, and to attach the same law letters to ATF Form 6, a form that was required to be kept in the records of individuals licensed under Chapter 44, relating to the acquisition of firearms, in violation of Title 18, United State Code, Section 924(a)(1)(A);

d. to knowingly and willfully make and cause to be made, and use and cause to be used, in a matter within the jurisdiction of a department or agency of the United States, the Bureau of Alcohol, Tobacco, Firearms, and Explosives, false writings and documents, namely law letters on Frederick County Sheriff's Office letterhead from **JENKINS** to **KROP**, requesting firearm demonstrations of machineguns,

5

knowing the same to contain a material false, fictitious, or fraudulent statement, in violation of Title 18, United States Code, Section 1001(a)(2)

### Purpose of the Conspiracy

13. It was the purpose of the conspiracy to acquire machineguns by means of fraud and materially false statements and representations and to rent those machine guns to private citizens in exchange for money.

### Manner and Means of the Conspiracy

The manner and means by which the defendants sought to accomplish the purpose of the conspiracy included, but were not limited to, the following:

14. The defendants sought to and did acquire machineguns by falsely representing that the machineguns would be used as dealer sales samples for demonstration to the Frederick County Sheriff's Office. These false representations were contained in law letters on Frederick County Sheriff's Office's letterhead, which were signed by **JENKINS** and addressed to **KROP**. While these law letters represented that the Frederick County Sheriff's Office requested a demonstration of the listed machineguns, it was **KROP**, in fact, who had asked **JENKINS** to submit the letters so that **KROP** could acquire the guns and rent them out to customers at TMGN in order to generate revenue for TMGN. TMGN received over $100,000 in profits from the rental of machineguns in years 2018 and 2019, alone. **KROP** was a constituent of **JENKINS's** and TMGN was a small business located within the jurisdiction of the Frederick County Sheriff's Office. TMGN offered political support to **JENKINS** in recognition of his support for TMGN's business.

a. On May 5, 2022, the Chief Operating Officer with TMGN sent **JENKINS** the following e-mail:

> Good afternoon sheriff Jenkins,
>
> I am reaching out in hopes to set up a meeting with you to discuss the upcoming election cycle and talk about what we can do to support your re-election as Sheriff in Frederick. We have appreciated everything that you have done for the city of Frederick as well as you support for the second amendment and our business.
>
> Let us know what we can do to organize something hopefully in the near future.
>
> We look forward to hearing from you!

b. On May 10, 2022, **JENKINS** responded to the Chief Operating Officer for TMGN with the following e-mail:

> Good Morning
> I would be very happy to meet and discuss what we could do at the MGN, that would be outstanding. Let's meet soon and see what we can come up with, thank you very much. I'll call you later today and we can determine a time to meet.
>
> Sheriff Chuck Jenkins
> Frederick County Sheriff's Office

c. On May 10, 2022, the COO of TMGN responded:

> Good morning Sheriff Jenkins,
>
> This sounds great. I am going to be out of the office until Thursday dealing with a personal matter. Would you be able to call my owner Stephanie who will be helping organize the campagn? Her cell phone number is
>
> We look forward to getting together and working on this.

15. Further the letters falsely stated that the machineguns were "particularly suitable for use as a law enforcement weapon, due to cost, availability and its use in day to day patrol as well as special operations," when in fact at least one of the machineguns was not. Specifically, a FN M249 SAW, which was a belt-fed machinegun, was suitable only for combat.

16. The defendants caused the submission of false law letters to a licensed dealer, manufacturer and importer and ultimately to the Imports Branch along with an application for importation of machineguns manufactured outside the United States on ATF Form 6 to the "RK86

LLC" FFL/SOT license held by **KROP**. Based on the representations in the law letters, the Imports Branch approved the importation of these machineguns to **KROP** or his businesses.

17.    The defendants also caused the submission of false law letters to licensed dealers and manufacturers and ultimately to the NFA Division along with an application for transfer of machineguns manufactured in the United States on ATF Form 3 to the "RK86 LLC" FFL/SOT license held by **KROP**. Based on the representations in the law letters, the NFA Division approved the transfer of these machineguns to **KROP** or his businesses.

18.    Finally, the defendants also caused the submission of a false law letter to the NFA Division along with an application for transfer of machineguns held by the Havre de Grace Police Department on ATF Form 5 to TMGN LLC under **KROP's** FFL number.

### Overt Acts

19.    In furtherance of the conspiracy, and to effect the purpose thereof, the defendants and others known and unknown to the Grand Jury committed the following overt acts, among others, in the District of Maryland and elsewhere:

   a. On or about August 25, 2015, **JENKINS** signed a law letter on Frederick County Sheriff's Office letterhead, addressed to **KROP** and his business RK86 LLC d/b/a TMGN in Frederick, Maryland, requesting "a demonstration of the SCAR 16 CQC, SCAR 16 14", SCAR 17 16" (SCAR 16 CQC, SCAR16, SCAR 17)" for possible future purchase and use by our officers in the performance of their official duties." The law letter falsely stated, among other things, that "[t]he Frederick County Sherriff's Office would like a demonstration of the "SCAR 16 CQC, SCAR 16 14", SCAR 17 16" (SCAR 16 CQC, SCAR16, SCAR 17)" for possible future purchase and use by our officers in the performance of their official duties." This law letter was subsequently submitted to a licensed dealer, manufacturer and importer, and ultimately to the Imports Branch along with an application for importation of the

8

machineguns listed in the law letter, on ATF Form 6. Based on the representations in the law letter, the Imports Branch approved the importation of these machineguns to **KROP** or his businesses.

b. On October 8, 2015, **JENKINS** signed a law letter on Frederick County Sheriff's Office letterhead, addressed to **KROP** and his business RK86 LLC in Frederick, Maryland. The law letter falsely stated, among other things, that "[t]he Frederick County Sheriff's Office is requesting a demonstration by RK86 LLC.... This demonstration will evaluate the firearms listed below." The letter listed the following machineguns:

| QUANTITY | MANUFACTURER | TYPE | MODEL | CALIBER |
|---|---|---|---|---|
| 2 | Kriss USA, Inc. | Vector | SMG | .45 ACP |
| 2 | Kriss USA, Inc. | Vector | SMG | 9x19 |
| 2 | Kriss USA, Inc. | Vector | SMG | 9x21 |

The letter further falsely stated, "Two units of each caliber have been requested to accommodate the simultaneous evaluation by two personnel from our organization." This law letter was subsequently submitted to a licensed dealer and manufacturer and ultimately to the NFA Division along with an application for transfer of the machineguns listed in the law letter, on ATF Form 3, to the "RK86 LLC" FFL/SOT license held by **KROP**. Based on the representations in the law letter, the NFA Division approved the transfer of these machineguns to **KROP** or his businesses.

c. On August 19, 2016, **JENKINS** signed a law letter on Frederick County Sheriff's Office letterhead, addressed to **KROP** and his business RK86 LLC d/b/a TMGN in Frederick, Maryland. The law letter falsely stated, among other things, that "[t]he Frederick County Sheriff's Office would like a demonstration of the following firearms for evaluation and familiarization: Remington: ACR (5.56/.223)." This

9

law letter was subsequently submitted to a licensed dealer and manufacturer and ultimately to the NFA Division along with an application for transfer of the machinegun listed in the law letter, on ATF Form 3, to the "RK86 LLC" FFL/SOT license held by **KROP**. Based on the representations in the law letter, the NFA Division approved the transfer of this machinegun to **KROP** or his businesses.

d. On or about April 10, 2018, **JENKINS** signed a law letter on Frederick County Sheriff's Office letterhead, addressed to **KROP** and his business RK86 LLC d/b/a TMGN in Frederick, Maryland. The law letter falsely stated, among other things, that "[t]he Frederick County Sheriff's Office would like a demonstration of the P-90 Tactical and M-249 SAW for possible future purchase and use by our officers in the performance of their official duties," and that "[t]he firearm requested for demonstration is particularly suitable for use as a law enforcement weapon, due to cost, availability and its use in day to day patrol as well as special operations." This law letter was subsequently submitted to submitted to a licensed dealer and manufacturer and ultimately to the NFA Division along with an application for transfer of the M-249-SAW machinegun listed in the law letter, on ATF Form 3, to the "RK86 LLC" FFL/SOT license held by **KROP**. Based on the representations in the law letter, the NFA Division approved the transfer of this machinegun to **KROP** or his businesses. This letter was also subsequently submitted to a licensed dealer, manufacturer and importer and ultimately to the Imports Branch along with an application for importation of the P90 Tactical machinegun, listed in the law letter, on ATF Form 6. Based on the representations in the law letter, the Imports Branch approved the importation of this machinegun to **KROP** or his businesses.

e. On or about March 29, 2022, **JENKINS** signed a law letter on Frederick County Sheriff's Office letterhead, addressed to The Machine Gun Nest in Frederick,

Maryland, at **KROP's** attention. The law letter falsely stated that six (6) Sig Sauer Inc. machineguns in the possession of Havre de Grace Police Department would be transferred to TMGN for "demonstration purposes." This law letter was subsequently submitted to the NFA Division along with an application for transfer of one of the Sig Sauer Inc. machineguns listed in the law letter, on ATF Form 5, to the TMGN under the FFL/SOT license held by **KROP**.

18 U.S.C. § 371

## COUNT TWO
### (False Statements During Purchase of Firearms)

20. The allegations in paragraphs one through eight, eleven, fourteen to fifteen and eighteen, subsection (d) of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

21. On or about April 10, 2018, in the District of Maryland and elsewhere, the defendants,

**CHARLES AUSTIN JENKINS**
and
**ROBERT JUSTIN KROP,**

in connection with the acquisition of a firearm, a "P-90 Tactical" machinegun, from FN America LLC and FN Herstal, S.A., (hereafter "FN"), a licensed dealer, importer, and manufacturer of firearms within the meaning of Chapter 44, Title 18, United States Code, knowingly made a false and fictitious written statement to FN, which statement was intended and likely to deceive FN, as to a fact material to the lawfulness of such acquisition of the said firearm under chapter 44 of Title 18, in that the defendants submitted and caused to be submitted a law letter on Frederick County Sheriff's Office letterhead from **JENKINS** to **KROP** to FN that contained false representations that the machineguns identified in the law letters were dealer sales samples for law enforcement demonstration purposes.

18 U.S.C. § 922(a)(6)
18 U.S.C. § 2

## COUNT THREE
### (False Statements in Records Maintained by Federal Firearms Licensee)

22. The allegations in paragraphs one through eight, eleven, fourteen through fifteen, and eighteen subsection d of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

23. On or about April 10, 2018, in the District of Maryland and elsewhere, the defendants,

**CHARLES AUSTIN JENKINS**
and
**ROBERT JUSTIN KROP,**

did knowingly and willfully make and cause to be made false statements and representations with respect to information, under Chapter 44 of Title 18 of the United States Code, required to be kept in the records of individuals licensed under Chapter 44, relating to the acquisition of firearms, to wit, a law letter on Frederick County Sheriff's Office letterhead from **JENKINS** to **KROP**, requesting firearm demonstrations of a P-90 Tactical machinegun, which caused FN to make representations in block 10 of ATF Form 6, an application and permit for importation of firearms and to attach the law letter to ATF Form 6. In truth and fact the Frederick County Sheriff's Office had not requested a demonstration. Instead **KROP** had requested the letter so that he could acquire the machineguns and rent them to customers at TMGN.

18 U.S.C. § 924(a)(1)(A)
18 U.S.C. § 2

## COUNTS FOUR ▮
### (False Statements to Bureau of Alcohol, Tobacco, Firearms and Explosives)

24.  The allegations in paragraphs one through eight, ten, eleven, fourteen through fifteen, seventeen, and eighteen and subsection ▮ d ▮ of Count One are hereby realleged and incorporated by reference herein as though fully set forth in this Count of the Indictment.

25.  On or about each of the following dates below, in the District of Maryland and elsewhere, the defendants,

**CHARLES AUSTIN JENKINS**
and
**ROBERT JUSTIN KROP,**

did knowingly and willfully make and cause to be made, and use and cause to be used, in a matter within the jurisdiction of a department or agency of the United States, namely the Bureau of Alcohol, Tobacco, Firearms and Explosives, false writings and documents, namely:

| CT | DATE | STATEMENT |
|---|---|---|
| 4 | 04/10/2018 | a law letter on Frederick County Sheriff's Office letterhead requesting firearms demonstrations of FN P90 and FN M249 SAW machineguns from **JENKINS** to **KROP** knowing the same to contain material false, fictitious, and fraudulent statements. In truth and fact, the Frederick County Sheriff's Office had not requested a demonstration. Rather, **KROP** had requested the letter so that he could import the machineguns and rent them to customers at TMGN. Further, the machine guns were not "particularly suitable for use as a law enforcement weapon, due to cost, availability and its use in day to day patrol as well as special operations," because the FN M249 SAW was a belt-fed machinegun suitable only for use in combat. |

18 U.S.C. § 1001
18 U.S.C. § 2

14

## COUNT SIX
### (Unlawful Possession of a Machinegun)

26. The allegations in paragraphs one through eleven and thirteen through eighteen of Count One are incorporated herein.

27. On or about May 25, 2022, in the District of Maryland, the defendant,

**ROBERT JUSTIN KROP,**

did knowingly and unlawfully possess machineguns, to wit:

a. one FN Herstal SCAR 17 with 16" barrel in 7.62 mm, bearing serial number H012432;

b. one FN Herstal SCAR 16 CQC with 10" barrel in 5.56 mm, bearing serial number L013194;

c. one FN Herstal SCAR 16 with 14" barrel in 5.56 mm, bearing serial number L011975;

d. one KRISS USA Vector SMG in .45 ACP, bearing serial number 45S000868;

e. one Remington ACR in 5.56mm, bearing serial number RW00019A;

f. one FN P90 Tactical 5.7mm, bearing serial number FN079510; and

g. one FN M249 SAW 5.56mm, bearing serial number C14326.

18 U.S.C. § 921(a)(24)
18 U.S.C. § 922(o)
26 U.S.C. § 5845(b)
18 U.S.C. § 2

15

## FORFEITURE

The Grand Jury for the District of Maryland further finds that:

28. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), 26 U.S.C. § 5872 and 28 U.S.C.§ 2461(c), in the event of a defendant's conviction of any offense charged in Counts One through Five of the Indictment.

### Firearms Forfeiture

29. Upon conviction of any of the offenses charged in Counts One through Six, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendants,

**CHARLES AUSTIN JENKINS** and
**ROBERT JUSTIN KROP,**

shall forfeit to the United States any firearm or ammunition involved in the offense.

### Machinegun Forfeiture

30. Upon conviction of any of the offenses charged in Counts One or Six, pursuant to 26 U.S.C. § 5872 and 28 U.S.C. § 2461(c), the defendants

**CHARLES AUSTIN JENKINS** and
**ROBERT JUSTIN KROP,**

shall forfeit to the United States any firearm involved in a violation of Title 26, Chapter 53.

### Substitute Assets

31. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants,

    a. cannot be located upon the exercise of diligence;

    b. has been transferred, or sold to, or deposited with a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be subdivided without difficulty;

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)  
21 U.S.C. § 853(p)  
26 U.S.C. § 5872  
28 U.S.C. § 2461(c  

*Erek L. Barron/cg*  
Erek L. Barron  
United States Attorney

**SIGNATURE REDACTED**  
_____  
Foreperson

Date: 4/5/2023

17