IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**UNITED STATES OF AMERICA** *

   v. * **CRIMINAL NO: SAG-23-0123**

**CHARLES A. JENKINS,** *

   **Defendant.** *

…ooo0ooo…

**CONSENT MOTION TO EXTEND
DEADLINE FOR FILING DEFENDANT'S MOTIONS *IN LIMINE***

Defendant, Charles A. Jenkins, by and through undersigned counsel, with the consent of the United States, hereby requests that the Court extend the September 6, 2024, deadline for filling the defendant's Motions *in Limine*, and in support thereof, states as follows:

1. On August 14, 2024, the government provided proposed voir dire, verdict sheet and jury instructions to the defendant.  The defense will be sending our objections and edits back to the government no later than August 30, 2024, fully anticipating that the parties will meet the Court's September 6, 2024, deadline. This extension request only relates to Motions *in Limine*.

2. Also on August 14, 2024, the government disclosed hundreds of pages of new discovery materials to the defendant.  This includes documents related to the defendant as an FFL holder in 1987, as well as several volumes of grand jury testimony.  Counsel has not had an opportunity to conduct a

meaningful review of those documents and doesn't expect to be able to do so in the next several weeks.

3. Various vacation and children going to off college events are restricting some of counsels' time in being able to fully formulate the defendant's trial strategy at this time. The undersigned counsel, who has assumed the role of lead counsel, also has a daughter being married on September 20, 2024, making this next month particularly challenging.

4. To date, the defendant has identified two issues that he expects to address in a motion *in limine*. Both issues have been previously disclosed to the government in earlier court filings as well as described again this week in email discussions with government counsel. The first is that the government should be prohibited from showing the jury photographs of the firearms in question, as well as the firearms themselves. This is a false statement prosecution. The gravamen of the crime is the letters, and we feel the admission of the firearms, or their image is unnecessarily prejudicial. The probative value of displaying these firearms before the jury is also suspect. *Federal Rule of Evidence, Rule 403*.

5. The second issue relates to the admission of the fact that the defendant held a federal firearms license in 1987 into the early 90's. The defendant is in the process of interviewing experts that will relate to the Court at a pre-trial hearing the dramatic changes in the laws and regulations relating to FFLs in the early

and mid-90's.[1] The result is that prior to that time, there were more than 300,000 FFL holders in the United States, and after the changes, there were less than half that number. The requirements went from posting a license on a basement wall next to the FFL holder's gun safe – to requirements involving actual storefronts and extensive reporting requirements not in existence before that change. That the defendant held an FFL, more than 30 years prior to the inception of the alleged conspiracy, which license lapsed along with more than 150,000 other FFLs across the country because of the increased responsibility placed on FFLs going forward, we feel that the admission of this fact – that the defendant held an FFL in 1987 for several years – has no probative value and is unnecessarily prejudicial. *F.R.E. 403*. The defendant is requesting time to find and disclose their expert on this topic, and with that expert's assistance develop these arguments and put them in a motion to the Court. Needless to say, the government is already on notice about these two arguments and will have plenty of time to respond. Trial is not until January 27, 2025.

6. There is at least one, possibly two other motions *in limine* that the defendant is considering. These issues relate to the defendant's trial strategy and potential defenses. The defendant should not be forced to disclose his strategies and arguments at this early date. The defendant is willing to file an *ex parte* explanation with the Court if the Court so desires.

---

[1] Failing a favorable court ruling, the defense anticipates calling this expert at trial.

7. Undersigned counsel intends to watch the trial of co-defendant Robert Krop, set for October 15, 2024. That could likely raise other issues for the defendant not previously realized.

WHEREFORE the defendant requests that the deadline for *Motions in Limine* be extended to October 11, 2024. The defendant would reserve the right to supplement those motions as more information develops.

Respectfully submitted,

Silverman/Thompson/Slutkin/White

/s/ Andrea L. Smith
By _____
Andrea L. Smith, Of Counsel
Federal Bar #: 00397
404 E. Pratt Street, Ninth Floor
Baltimore, Maryland 21201

Phone (410-385-2555)
Email: Asmith@silvermanthompson.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of August, 2024, a copy of the foregoing motion was filed via ECF causing copies to be sent to all parties of record.

_____/s/_____
Andrea L. Smith